Lipscomb, J.
The statute referred to in support of the demurrer is toó long to be inserted here'; it will be found in article 1219 of Hartley’s Digest. The commencement of tlie section authorizes any person capable of making a will to so provide by his will that no other action shall he had in tlie County Court, in relation to the settlement of his estate, than the probate and registration of his will and the return of an inventory of the estate. A condition and limitation is, however, imposed upon this right to make such a provision by will. It provides pretty much in the language of the special exception set out in support of tlie demurrer, so far as the exception goes. It provides, if tlie bond is not given upon the return of the citation, that the estate shall he administered and settled, under the direction of the court, as other estates; but if the obligation shall be executed, it shall be filed and recorded in said court, and no other action shall be bad in said court in relation to such estate. It provides that ail costs of such proceedings shall be paid by the persons so entitled to such estate, according to their respective interests in it. It provides that every creditor of such estate shall have the right to sue ou such obligation, or such creditors may have their actions against those in possession of the estate. The suit seems to have been brought as at common law; and it is to be inferred from the structure of the petition that the pleader believed that the fact of the provision being in the will taking tlie estate out of the control of the County Court, had, of itself, the effect to revive the common-law remedy in favor of creditors of an estate. And perhaps such would have been tlie effect of the authority given to provide for taking the estate out of tlie control of the Probate Court, if that provision had not been regulated and controlled by the subsequent relations imposed in the same section. This right was given subject to the consent of the heirs and legatees. They could be called upon to make tlieir election. If they failed 'to give the bond required, then the provision in tlie will was inoperative, and the estate was to he settled under tlie direction of the chief justice, as in other cases, where the will contained no such direction.
By tlie statute the heirs and legatees could not be called upon to make an election, only on the application of a creditor; if there were no creditors, they could adjust their respective rights without the control of the chief justice. The chief justice could take no action in relation to the estates, after tlie probate and registry of the will and receiving tlie inventory, until a creditor complained to líiin, and then lie was required to issue citation and require the lioirs or legatees to make their election. This could be done on tlie application of otic creditor alone; and if the bond was given, it would be for the benefit of all; if it was not given, tlie creditor proceeded as in the case of other estates settled under the ‘control of tlie chief justice, and tlieir claims are to be paid in the due course of administration. Tlie suit was brought without any *275 regard to tlic fact that it had not been decided by the election of the heirs and legatees that they would accept the will with the provision, aud the petition was therefore fatally bad, and should have been so ruled on tire demurrer.
Note 97. — Fulton v. Black, 21 T., 424; Henderson v. Van Hook, 25 T. Supp., 453; Runnels ». Kownslar, 28 T., 528.
.Note <j8. — Carroll v. Carroll, 20 T., 732: Wood v. McMeans, 23 T., 481; Shaw v. Ellison, 24 T,a 197.
If the bond had been given, there is no doubt two results would be produced by it. It would have removed the estate entirely from the control of the Probate Court; and it would have given a creditor a right to sue on that bond, and his judgment would have been satisfied l>y execution. Whether lie could have been restricted in his remedy to a suit on the bond is not a question free from difficulty. The concluding member of the last sentence in the section is in the following words: ‘‘Or such creditors may have their action against those in ‘‘possession of the estate.” It would not be a fair construction to say that these words are to be detached from the sentence, and mean that the creditor may have his action in any event, whether the heirs have elected to give bond or not, because the right to make this election, and thereby freeing themselves from personally being sired, by declining- to give the bond, is clearly expressed; and it is equally clear that on their so declining to give the obligation the estate is settled and debts paid under the control of the chief justice. The more reasonable construction, and the true one, it seems, can be supported without detaching the words from the sentence or paragraph in which they have been placed. It is that, after a bond lias been given, the creditor may have his choice to sue upon the bond or to bring his suit against any person who may be in possession of the estate. In either case, on obtaining the judgment, lie would be entitled to an award of execution for its satisfaction. If the bond had been given, the suit could have been sustained against the executors if they were in possession of the estate; if the heirs and legatees were in possession, the suit would be against them. When this case goes back, it is possible the plaintiff may be able to amend his petition. If, before this suit had been commenced, Hie bond had been given, he could sustain liis action by alleging that fact in his amended petition; if this was not the fact, the suit cannot be sustained.
There are two facts alleged, and no doubt they are true, and we are to take them to be so in passing j udgment upon the demurrer, that would show that the Probate Court had taken some action in relation to the estate after the probate of the will and receiving the inventory. These facts are the presentation of the claim to the executors, and its allowance approved by the chief justice; and it might be contended that we are to presume from these facts that the heirs ami legatees had failed to give the bond after citation, aud that the estate was now being settled, as in other cases, under the control of the chief justice, because the chief justice would have nothing to do with the claim, to approve or disapprove, only upon the hypothesis that the heirs and legatees had declined the privilege provided for in the will, and that it had been surrendered to tire control of the chief justice. If, however, this was a fair presumption, and one that might be legitimately indulged, the plaintiffs’ action could derive no advantage from the concession, because they would then show conclusively that they could not support the action, because they aver presentation of the claim to to the executor, and his allowance, and the approval of the chief justice. The claim, then, could not be sued upon, but it would be ranked among the acknowledged debts, to be paid in the due course of administration.
The judgment of the District Court on the demurrer in this case is reversed and the case remanded, if the parties desire it. This decision applies to the several suits, numbers 355, 356, 357, as well as to this case, and the same judgment must be entered in each of them.
Keversed and remanded.