SARAH A. SHAW v. JONATHAN ELLISON.

A creditor of the estate of a decedent, who has provided by his will, that no other action shall be had in the County Court, in relation to the settlement of his estate, than the probate and registration of his will, and the return of an inventory of the estate, cannot maintain an action against the executrix, to recover the amount of his debt, without first making complaint to the County Court, so that the heirs and legatees of the estate, may be cited to give bond to pay the debts of the estate, or permit the estate to be administered in the County Court, as in ordinary cases.

ERROR from Caldwell. Tried below before the Hon. Alexander W. Terrell.

This suit was brought by Jonathan Ellison, against Sarah A. Shaw, as executrix of the last will and testament of R. C. C. P. Shaw, deceased, for the sum of $523.25, alleged to be due on a promissory note, executed to the plaintiff by the deceased.

The petition alleged, that the deceased died, leaving a will, of which the defendant was executrix; that one of the provisions of the will, was, that no further action, in reference to the settlement of his estate, should be had, or taken, in the County Court, than to probate and register his said will, and the exe-

cutrix thereof to make out and return to the County Court, an inventory of the property of the estate of the testator. That after the death of the testator, the will was duly admitted to probate, and that the defendant accepted the appointment of executrix of the said will, and was duly qualified as such, and entered upon the duties of executrix thereof, and filed in the County Court, an inventory of the estate of the testator.

The petitioner averred, that afterwards, to wit, on the 19th day of August, 1857, the defendant accepted his claim, by endorsing her acceptance thereon, the same having been duly authenticated, and presented to her therefor. The petition prayed for judgment against the defendant, executrix as aforesaid, for the amount due on the note.

The defendant filed a general demurrer, and set forth, among other grounds, the following as cause therefor: "that the plaintiff does not allege in his petition, that a complaint, in writing, had been filed in the County Court of Caldwell county, by some person having a debt against said estate; and that the persons entitled to any portion of the estate of said Shaw, deceased, under his will, or as heirs at law, had been cited to appear at some regular term of said County Court; and that they have appeared and executed an obligation, with two or more sufficient sureties, payable to the chief justice of said Caldwell county, for the amount, and with the condition required by the 110th section of an act to regulate proceedings in the County Court, pertaining to estates of deceased persons, passed March 20th, 1848; and there is no allegation in said petition, that any such bond has been filed and recorded, in the County Court aforesaid."

The court overruled the demurrer; there was a verdict and judgment in favor of the plaintiff for $584.55 against the defendant, as executrix of the said estate, and a decree that execution issue against the goods, chattels, lands, and tenements of the said estate, in the possession of the said defendant.

The defendant appealed, and assigned for error, the ruling of the court on the demurrer.

*S. Ford*, for the plaintiff in error.

*W. L. & C. L. Robards*, for the defendant in error.

BELL, J.—The pleadings in this case are almost identical with the pleadings which came under consideration, by this court, in the case of Hogue v. Sims, 9 Texas Rep. 546. The question in the case, arises upon the proper construction of the 110th section of the Act of 1848, regulating proceedings in relation to the estates of deceased persons. In the case of Hogue v. Sims, this court held, that a creditor of the estate of a deceased person, who had provided by his will that no other action should be had in the County Court, in relation to the settlement of his estate, than the probate and registration of his will, and the return of an inventory of the estate, could not maintain an action against the parties in possession of the estate, without first making complaint to the County Court, so that the heirs and legatees of the estate could be cited to come in and make their election, whether they would give the bond contemplated by the statute, or permit the estate to be administered in the County Court, as in ordinary cases.

The suit of Sims and another against Hogue, was instituted without any regard to the fact, that the heirs and legatees had not elected to accept the will, with the provision that no action should be had in the County Court, in relation to the settlement of the estate, than the probate and registration of the will, and the return of an inventory; and this court said, that "the petition was therefore fatally bad." The principle announced in the case of Hogue v. Sims, was re-asserted by this court in the case of Carroll v. Carroll, 20 Texas Rep. 732.

The reason why a creditor will not be permitted to proceed against the parties in possession of the estate, until after the heirs and legatees have made their election and executed the bond contemplated by the statute, is, that to permit him to do so, might have the effect to enable a vigilant and active creditor to subject more than a due proportion of the estate to the pay-

ment of his demand, to the injury of other creditors, equally entitled to payment out of the estate.  The statute, in requiring the bond to be executed, intends to protect all the creditors of the estate alike.   The bond must be of an amount equal to the full value of the estate, to be ascertained by the inventory; so that if one creditor should elect to proceed against those in possession of the estate, other creditors would find their protection in the bond.

The conclusion follows, that the court below erred in overruling the demurrer.   In the case of Hogue v. Sims, this court remanded the cause, to afford the plaintiffs an opportunity to amend, and the same will be done in this case.   Judgment below reversed, and cause remanded.

.. Reversed and remanded.