## HAL R. RUNNELS v. R. B. KOWNSLAR.

The complaint which the statute (art. 822, O. & W. Dig.,) requires a creditor to file in order to compel persons entitled to the estate under the will, or the heirs-at-law, to execute an obligation to pay all debts that may be established against it, is not to be held nor regarded as a suit in its technical sense.

It is not necessary for the citations or notices which must be served upon the heirs or persons entitled to the estate under the will, to preserve the forms, or contain all the ingredients essential in original writs for the commencement of actions in the District Court.

If the citation provided for in such cases is sufficient to inform the opposite party with reasonable certainty of the nature and object of the proceeding against him, it is all that is contemplated by the law—this is sufficiently done when the citation is accompanied by and refers to a copy of the complaint which he is required to answer.

The case of Hogue, executor, v. Sims (9 Tex. R., 546,) as to the construction of art. 822 of O. & W. Dig., cited and approved.

The statute applies as well to creditors who hold claims against an estate evidenced by promissory notes as to those whose claims have been established by final judgments; nor does the fact that a judgment, rendered in the District Court, has been appealed from or removed by writ of error to the Supreme Court, affect the rights of such judgment creditor under the statute to compel the legatees or heirs to execute a bond.

When in such a suit the County Court required the legatees to execute a bond in double the amount of the inventory, and the District Court, on appeal, reversed and so reformed the judgment as to require the legatees to execute a bond " to the amount of the inventory of the estate as appears by the record in said court," and ordered "its judgment to be certified

to the County Court for its observance;" it was held that the District Court did not err in directing the bond to be given in the County Court. It was further held that the decree of the District Court, referring to the inventory, was sufficiently definite to fix the amount of the bond.

ERROR from Harris. Tried below before the Hon. Peter W. Gray.

This case originated in the County Court of Harris county, under art. 822 O. & W. Dig., to compel the legatees of Hiram G. Runnels, deceased, to execute a bond for the payment of the debts due by the estate.

The petitioner alleged that he was a creditor of the estate of decedent in the sum of four hundred and forty-one dollars and fifty cents, as more fully appeared by a judgment rendered on the 29th day of November, A. D. 1858, in the District Court of Harris county; that letters of executorship on the estate of said decedent had been granted at the January Term, 1858, of the County Court of Harris to Hal G. Runnels, who by a provision in the will of the decedent was appointed executor, and not required to give a bond for the faithful performance of his duties as such. That Hal G. Runnels and Obedience A. Runnels were the only heirs of said decedent; that the executor may place the property belonging to the estate beyond the reach of those having claims against it, by which means your petitioner may lose his claim; that the said sum of money had long been due and unpaid, and the executor had refused to pay the same, and prayed that the said legatees be cited and "required to execute an obligation payable to the chief justice of Harris county in double the amount of the value of said estate, and that an order may issue for the sale of so much of the property belonging to said estate as may be necessary to satisfy your petitioner's claim," &c.

Separate citations were issued, one of which was as follows, to-wit:

"The State of Texas, County of Harris—County Court; to May Term, 1859.

"*To the Sheriff of Harris county, greeting:*

"You are hereby commanded to summon Hal G. Runnels, ex-

34*

ecutor of the will of Hiram G. Runnels, deceased, if to be found in your county, to be and appear before the County Court of Harris county, at the courthouse in the city of Houston, on the last Monday in May, A. D. 1859, to answer the petition of R. B. Kownslar, a copy of which is herewith delivered," &c.

The citation issued to Obedience A. Runnels, the widow of Hiram G. Runnels, was substantially the same which was served with a certified copy of the plaintiff's petition.

Hal G. Runnels moved to quash the citation, and for cause, assigned that the citation did not correctly describe the parties defendant mentioned in said plaintiff's petition, in this: that by said petition Hal G. Runnels, executor of the last will and testament of said decedent, and Obedience A. Runnels, are made co-defendants, and said citation made mention of only one defendant, namely, Hal G. Runnels. He also demurred generally to the petition, and specially answering, said that the plaintiff had no right against him or his co-defendant, O. A. Runnels; because, said plaintiff was not a creditor of the estate of his testator. He admitted that a judgment was rendered in the District Court of Harris county on the 29th day of November, A. D. 1858, in a certain cause wherein R. B. Kownslar was plaintiff and Hal G. Runnels, as executor aforesaid, was defendant; that the judgment was rendered against defendant for $441 50. That this defendant, on the 14th day of March, A. D. 1859, sued out a writ of error to the Supreme Court, at the January Term, 1860, of the Galveston district. That he had executed a bond for costs, as required by law; that said cause had not been decided by the Supreme Court, and that the same was still pending. O. A. Runnels filed a motion to quash, a general demurrer, and a special answer, substantially the same.

The County Court overruled the motions to quash and the demurrers, and decreed that "the defendants be required to execute a bond with security in double the amount of the property, as appears by the inventory on file in this court;" from which judgment the defendants appealed to the District Court of Harris county.

Runnels v. Kownslar.

On the trial in the County Court the proceedings had in the case of R. B. Kownslar against Hal. G. Runnels, executor, was read in evidence; also, the petition for writ of error, and bond for security for costs. It was admitted that the judgment was rendered as set forth in the petition of plaintiff.

In the District Court, the jury was waived and the cause submitted to the court. The plaintiff read in evidence the judgment against Hal. G. Runnels. The defendants read in evidence an agreed statement of facts in substance, to wit: "It was admitted by the parties by their attornies, in open court, that the defendant Runnels had sued out a writ of error from the judgment introduced in evidence by the plaintiff; that service of the petition for writ of error had been made, and bond and security for cost given by said defendant prior to the proceedings had in the County Court resulting in the judgment appealed from, and no other bond except the above was given. That Hiram G. Runnels, by his last will and testament named Hal. G. Runnels his executor under art. 822, O. & W. Dig.; that the will was probated under that article, and that the executor had qualified under the terms of the will."

The District Court held that the County Court did not err in overruling the exceptions to the citations; that Kownslar was a judgment creditor of the estate of said decedent, notwithstanding the writ of error prosecuted by Hal. G. Runnels; that the County Court did not err in requiring the defendants to give bond under the statute; but that it did err in requiring bond in double the amount of the inventory. It was therefore "reversed and so reformed as to require of defendants bonds to the amount of the inventory of said estate, as appears by the record in said court, and that this order be certified to said court for observance."

Motion for new trial was overruled, and Hal. G. Runnels prosecuted his writ of error, and assigned the following errors: 1. The court erred in holding that the ruling of the County Court in overruling defendant's exceptions to the citations, was correct. 2. The court erred in overruling defendant's exceptions to plaintiff's petition, by sustaining the County Court in its ruling thereon. 3. The court erred in deciding that the plaintiff had a right of action, notwithstanding the writ of error had been sued out, and

bond for cost given before the commencement of the proceeding in the County Court. 4. The court erred in not ascertaining and specifying the amount of the bond which defendant was required to enter into.

*Wharton, Terry* and *Masterson*, for appellants.

*M. A. Dooley*, for the appellee.

MOORE, J.—This case originated in the County Court by a proceeding under art. 822, O. & W. Dig., to compel the legatees of Hiram G. Runnels, deceased, to execute a bond for the payment of the debts due by his estate. The complaint in writing which the statute requires the creditor to file, is not to be treated or regarded in its technical sense as a suit; nor is it necessary for the citation or notice which must be served upon the heirs or persons entitled to the estate under the will, to pursue the forms, or contain all the ingredients essential in original writs or citations for the commencement of actions in the District Court. If the citation provided for in such cases, is sufficient to inform the opposite party with reasonable certainty of the nature and object of the proceeding against him, it is all that is contemplated by the law. We think this is sufficiently done, when the citation is accompanied by and refers him to a copy of the complaint which he is required to answer. It was never intended to introduce into proceedings in the County Court, in the settlement of estates, the regularity and formalities which are required in pleading and practice in actions in the District Court. (Langley v. Harris, 23 Tex., 564.)

The object of administration of estates, is for the discharge of the testator's debts, and the distribution of the remainder of his effects among those to whom he has devised them, or who, in presumption of law, it was his wish should enjoy them. To effectuate this purpose, and to guard the interest of both these classes of persons, the administration and supervision over estates is as a general rule committed to the County Court. If the will of the decedent, however, provides otherwise, and both these classes of persons, who

are interested in the administration of the estate assent, it may be withdrawn from the control of the court. (Hogue's Ex'r v. Sims, 9 Tex., 546.) And as the interest of the creditors is temporary and contingent, it is competent for the heirs or distributees alone, by giving the security directed in the statute, to render the provision of the will in this respect effectual. While it was intended by this law to give greater scope to the testamentary power of the decedent, it was evidently also the purpose of the legislature to secure his creditors against loss or injury by its exercise. If, however, only creditors holding admitted or established claims against the estate, can call upon those entitled to distribution of the property for security, there is an unmistakable and palpable failure in accomplishing this object. If such were the law, it would only be necessary for the executor to contest all the debts of the estate, and thus while protracting the litigation of them, he would be able to place the property beyond the reach of the creditors or court when called upon to surrender his trust, on the parties who are required to do so ultimately failing to give bond for the payment of the debts. A construction which might operate so injuriously to creditors, is not to be lightly indulged. It is required neither by the policy or language of the law. The words of the statute are, "any person having a debt against said estate." And it is certainly as applicable to debts evidenced by promissory notes as final judgments. The estate may have a just defence to either. Until the contrary is made to appear, the holder of such evidences of debt must be recognized as entitled to demand from those who are holding and administering the property of the estate for their own benefit, security for the payment of its debts. The condition of the bond when given, is, that the persons executing it "shall pay all debts that may be established against such estate;" indicating clearly that debts, whether in litigation or not, were within the contemplation of the legislature when enacting the law.

There was no impropriety in directing the bond to be given in the County Court. It was to become a record in that court. The judge of that court, it is reasonable to conclude, would be better able to decide upon the sufficiency of the sureties to the bond, (even if not made his exclusive duty by the law,) than either the District

Court or its officers. And it might frequently occur, that those claiming the estate would not be prepared, immediately upon the decision of the case, or during the term of the District Court, to give the bond. The statute requires the bond to be given for an amount equal to the full value of the estate, to be ascertained by the inventory. The decree of the court, therefore, referring to it, was sufficiently definite, to fix the amount of the bond which it required of the parties claiming the property. There are no other questions in the case which need be noticed. The judgment is affirmed.

Judgment affirmed.