B. C. JERRARD, GUARDIAN, v. J. R. McKENZIE.

(Case No. 4505.)

1. JURISDICTION — PROBATE MATTERS.—A plaintiff sued as the qualified guardian of the persons and estates of minors, an independent executor, alleging that all the debts had been paid, and that the executor had for years been using the money of the wards for his own benefit. *Held:*
   (1) That the district court had jurisdiction.
   (2) If the purpose of the suit had been only to protect the property of the wards against the improper conduct of the executor, the jurisdiction would have been in the probate court.

APPEAL from Johnson. Tried below before the Hon. Jo Abbott.

Appellant, guardian of the minors Joseph Balch, S. B. Balch and Maggie Balch, brought this suit on the 10th of May, 1881, against appellee, defendant below, for the sum of $6,000, $2,000 for each of said wards. On the 3d of November, 1881, appellant filed his first amended original petition, and alleged in substance, among other things:

1st. That all the parties resided in Johnson county. 2d. That on the 21st of March, 1881, plaintiff was, by the county court of Johnson county, appointed guardian of the persons and estates of said minors and that he qualified as such. 3d. That his said wards are the children and heirs of Wm. Balch, deceased, and the said Wm. Balch died in the summer or fall of 1870. 4th. That before dying, the said Wm. Balch made and published his last will and testament and therein appointed defendant executor, and that his estate shall

be administered independent of the probate court; that at the December term of 1870 of the district court of Johnson county, said will was probated and defendant qualified as executor, and inventory, etc., filed and recorded. 5th. That Wm. Balch, deceased, in the first clause of his will bequeathed to plaintiff's wards each the sum of $685, in the second clause bequeathed to his wife a life estate in certain real property, household and kitchen furniture, etc., and $1,000 in money, and in the third clause he bequeathed the remainder of his estate to all of his bodily heirs, share and share alike. 6th. That there were five other heirs besides plaintiff's wards. 7th. That Wm. Balch was not at the time of his death indebted in any sum and that his estate was not indebted. 8th. That Balch, at the time of his death, owned property, real and personal, of the value of $2,130, notes, judgments and choses in action of the value of $5,410, and other property. 9th. That the defendant, shortly after the death of Wm. Balch, took into his possession all of the property, notes, judgments and choses in action belonging to the estate and sold and converted the property into money, and collected all the notes, judgments, etc., and appropriated them to his own use; loaned out the money obtained at high rates of interest, and appropriated both principal and interest to his own use and benefit. 10th. That long before the institution of this suit the defendant had ceased to act as executor of the estate, and that since that time there had been no administration on it; that there was no necessity for any administration. 11th. That before the institution of the suit, there were not any claims against the estate, or in relation to it, in the way of debts, legacies, devises, inheritances or otherwise, except the claims and demands of plaintiff's wards as shown. 12th. That defendant, ever since he took charge of the estate, had always had in his possession funds belonging to it, unincumbered by any charges whatever, amply sufficient to pay off the legacies, devices and claims due plaintiff's wards. 13th. That defendant fraudulently appropriated his wards' portions of the estate, with intent to deprive them of same, and has damaged their estates, each in the sum of $2,000, and is indebted to their said estates, each in the sum of $2,000. 14th. That the defendant had never paid plaintiff, his wards, or any other person for them, the devises and legacies made and bequeathed to them by their father in his will, though often requested, but refused so to do, to their damage $6,000. 15th. That the defendant had never settled in any court or with any person the legacies and devises of his wards. 16th. Plaintiff prayed, among other things, a judgment against de-

fendant, in behalf of his wards, for their debt, interest, damages and cost of suit; that he render a correct account of his wards' interest in the estate of Wm. Balch, deceased, and for judgment for the value of their interest in the property and moneys of that estate wrongfully appropriated by defendant, with interest on the same from dates of appropriations, and for general relief, etc. On November 3, 1881, defendant filed his first amended original answer, same containing a general demurrer to plaintiff's first amended original petition, and the following special exceptions:

1st. Plaintiff's first amended original petition did not show that the court had jurisdiction of this suit.

2d. Plaintiff failed to show how or in what way defendant had ceased to act as executor.

3d. Plaintiff did not show where, when, and what amount of property or money, etc., defendant appropriated, or to whom and when the money was loaned, the rate of interest, nor when and where same was appropriated, etc.

4th. Plaintiff did not disclose his source of information touching the appropriation of the estate by defendant.

5th. Plaintiff showed that defendant was to administer on the estate independent of the probate court; nor did he show that defendant had been cited, etc., in the probate court to show how he had administered same.

6th. Plaintiff did not show that the court has jurisdiction over the subject matter of the suit.

7th. The amended petition was vague, indefinite, etc. Exceptions heard and sustained and the cause dismissed, because the district court had no jurisdiction.

*Poindexter & Paddleford*, for appellants.

*Brown & Ramsey*, for appellee, cited: Hall v. McGehee, 34 Tex., 386; Rogers v. Kennard, 54 Tex., 30; Giddings v. Steele, 28 Tex., 732; R. S., pp. 287–290; Pasch. Dig., vol. 1, p. 335.

DELANY, J. COM. APP.— This suit was dismissed in the court below because, in the opinion of the presiding judge, the district court had no jurisdiction. He thought that the proceeding should have been instituted in the probate court, and he indicates the plaintiff's remedy by pointing to articles 1944 and 1945 of the Revised Statutes.

A brief history of these statutory provisions will enable us to give our views upon the subject.

Section 110 of the probate law of 1848 permitted a testator to appoint an independent executor. Hart. Dig., art. 1219. See, also, 1 Pasch. Dig., p. 335.

When the appointment was made, a creditor of the estate, by an application to the probate court, could call in the heirs, devisees, etc., in order that they might give bond for the payment of the debts of the estate. If they did not give the bond, the estate was administered, like any other estate, under the orders of the court. But if they complied with the order, the creditor had his remedy upon the bond, or he might proceed against those in possession of the estate.

Under that statute, it was held that a creditor could not proceed at once and directly against the executor by suit in the district court; but that he must literally follow the statute and summon the heirs into the probate court, in order that they might, if they chose, execute the required bond. Hogue v. Sims, 9 Tex., 546, and many later cases.

It will be noticed that no provision was made for the heir, as against the executor. But by the amendment of 1862, made not a great while after the decision in Hogue v. Sims, some very important changes were introduced into this one hundred and tenth section. Pasch. Dig., art. 1371. By the new law the creditor, without calling upon the heirs, could proceed to judgment against the executor in the district court; and execution would run against the estate in his hands. An important charge was also made in favor of the heirs, devisees, etc.

No method was indeed provided by which they could call the executor to an account; but if they apprehended that he was wasting or mismanaging the estate, they might summon him before the probate court, and he might there be compelled to give a good and sufficient bond, or he might be removed if he failed to do so. This was the extent of the remedy in favor of the heir, the devisee, or the legatee.

The Revised Statutes, in the two articles above quoted, contain the same provision; and this is the remedy to which the presiding judge referred when he dismissed the present suit.

Now, if the petition had alleged nothing more than that the executor was mismanaging the property of the plaintiff's wards — if the purpose of the suit had been nothing more than to protect their interests against improper conduct on the part of the executor,— the judgment would, no doubt, be correct. The remedy would be in the probate court, and it would be complete.

But in addition to his other allegations, the plaintiff sets forth

that he is the duly appointed guardian of the persons and estates of the minors; that he has qualified as such; that the debts of the estate have long since been paid, and that the executor has, for many years, been using the property and money of the wards for his own benefit. As guardian of the estates of his wards it is his duty to take possession of their property, and keep it for them. His appointment was made for that special purpose. The fact that the property is in the hands of the independent executor does not alter the case. If he fails to take possession of and keep the property, he and his sureties will be held responsible. R. S., 2344–46. If he cannot get possession otherwise, he must bring suit for the property. He has done so in this case, and has been dismissed, upon the supposition that he should have gone into the probate court.

Suppose he had gone into that court and had summoned the executor. The only question which can be made there is whether the executor is wasting or mismanaging or misapplying the property.

If the charge is not sustained, the proceeding is dismissed. If it is sustained, the executor will be required to file a bond, and will be removed if he fails to do so. This is all that can be done in that court. But this is not the relief to which the plaintiff is entitled. It is no part of his duty to see that some one else shall give security and take charge of the property. He must take charge of it himself, and this the probate court cannot enable him to do. For as soon as the executor tenders a good and sufficient bond, the power of that court over him is at an end.

The statute does, indeed, under some circumstances, give to the independent executor the right to file his final account in the probate court, and ask a partition of the estate. R. S., art. 1948.

This right seems to be given for the benefit of the executor, and if he choose to exercise it, the court will then have power to make the partition. But suppose he does not choose to exercise this right — and such a supposition is not at all improbable,— it is extremely doubtful, to say the least, whether the probate court could compel him to do so against his will.

But, in our opinion, the district court, by virtue of its general powers, can, in a proper case, call the independent executor to account, and can compel him to surrender to the duly appointed guardian, property or funds of the ward which may be in his possession. The will under which the executor is acting is not in the record, and, of course, we express no opinion concerning it.

We have confined ourselves solely to the question of jurisdiction,

because the presiding judge rested his action solely upon that ground. Whatever other questions may arise we leave to be determined in the future progress of the cause.

The judgment should be reversed and the cause remanded.

REVERSED AND REMANDED.

[Opinion adopted February 4, 1884.]