E. L. PERKINS, EX'R. v. W. E. WOOD, GUARDIAN, ET AL.

(Case No. 2003.)

1. STATUTE CONSTRUED — CITATION.— A citation from the county court is sufficient under article 1810, Revised Statutes, if it advises the party to whom it is directed of the nature of the proceeding against him. It is not required that it shall state fully the grounds on which relief is sought.

2. NOTICE — PRACTICE.— A defendant once brought properly into court by citation is chargeable with notice of all orders made by the court regarding the cause, including its transfer to another court on account of the disqualification of a county judge to try it.

3. AMENDMENT.— In a cause thus transferred to the district court the plaintiff may amend, amplifying the grounds for his relief, when he seeks no new relief, without giving notice of the amendment to the defendant.

4. INDEPENDENT EXECUTOR — BOND.— The Revised Statutes, articles 1944, 1946, which provide a mode whereby creditors of an estate may enforce the execution of a bond by an independent executor, do not contemplate the removal of such executor, except he should disregard the order of the court requiring bond. The law, as far as it is consistent with the rights of creditors, respects the wishes of the testator as to who shall manage his estate.

ERROR from Harris. Tried below before the Hon. James Masterson.

W. E. Wood, as the guardian of the minor, Hosmer W. Wood, commenced this suit in the county court September 6, 1883, against

Edwin L. Perkins, executor of the independent will of his mother, Marilla Perkins, for the purpose of removing him from his position as executor, or of compelling him to execute a bond if the court declined to remove him. Charges of mismanagement and misapplication of the estate were stated. The testatrix provided that no bond should be required of the executor, E. L. Perkins, and that the courts should have nothing to do with him or with her will. It provided that the share of Hosmer Wood, her grandson, should in no event be paid to him until he became of the age of twenty-one years, and no portion of it until five years from the date of the will, when he shall begin to pay him the interest on his share; the executor to retain the whole share in his possession until Hosmer's majority. Citation was issued to the executor and served upon him on this complaint September 6, 1883, but no copy of the petition or complaint was issued or served on him.

He made no appearance or answer, and on September 6, 1883, Wood filed his motion in the county court to remove the cause and proceeding to the district court, because County Judge Hamblen had been of counsel for the executor in the conduct of the estate, which, without actual notice to the plaintiff in error, was on September 8, 1883, ordered, and in pursuance thereof all the papers of the estate and this cause and the orders therein were transferred to and filed in the district court of Harris county on November 14, 1883. On November 28, 1883, the defendant in error, Wood, filed in the district court his first amended original complaint in lieu of the original on file in the probate court, setting up additional grounds of complaint against the executor, and praying citation to him, the appointment of a receiver of the estate, the removal of the executor, and in the alternative that he be required to give bond.

Plaintiff in error had no actual notice of this amendment. On December 5, 1883, a judgment was rendered against him by default, removing him from his position as executor, and the defendant in error, Wood, was appointed receiver of the estate until an administrator should be appointed, and the executor ordered to turn over all the effects of the estate to him. Wood not being able to give the bond, on December 17, 1883, J. G. Tracy was appointed and qualified. On the 6th day of February, A. D. 1884, plaintiff in error sued out a writ of error. Assignments of error are indicated by the opinion.

*Hutcheson & Carrington*, for plaintiff in error, cited: Hewett *v.* Thomas, 37 Tex., 520; De Walt *v.* Snow, 25 Tex., 320; Morrison *v.*

Walker, 22 Tex., 18; Furlow v. Miller, 30 Tex., 28; Lee v. Hamilton, 12 Tex., 417; R. S., arts. 1942 to 1948; Holmes v. Johns, 56 Tex., 51; McDonough v. Cross, 40 Tex., 251.

*Stewart & Breaker* and *Jones & Garnett*, for defendant in error,— that the removal of the executor was regular, cited: Gen. Laws of 1881, p. 31; R. S., arts. 1877, 1878, 1973; Ward v. Lathrop, 11 Tex., 292; Chapman v. Sneed, 17 Tex., 428; Porterfield v. Taylor, 60 Tex., 266; Raleigh v. Cook, 60 Tex., 442.

That an executor may always be removed to protect the estate from waste, they cited: Const. of Tex., art. V, sec. 16; Guest v. Guest, 48 Tex., 210.

STAYTON, ASSOCIATE JUSTICE.— The citation, which issued from the county court, advised the plaintiff in error of the nature of the proceeding which he was called upon to answer, and this is all the statute requires. R. S., 1810. It was not necessary that the citation should state fully the grounds upon which relief was sought.

When the cause was transferred to the district court, on account of the disqualification of the county judge, it was not necessary to cite the plaintiff in error to appear in that court, nor was it necessary to give notice to him of the motion to transfer the cause. Of these matters, having once been cited, he would be compelled to take notice.

The application could be amended in the district court, and as the amendments filed sought no relief other than that sought in the original application, and only amplified the grounds on which relief was sought, no notice of the amendment was necessary.

The will of Mrs. Perkins not requiring the plaintiff in error to give bond as executor, the application, on very sufficient grounds, sought, under the provisions of article 1944, R. S., to compel the executor to give a bond for the security of those interested in the estate. It sought also to have him, as an alternative relief, removed from the executorship upon grounds which would be sufficient to require the removal of an executor or administrator who had given bond and was administering an estate under the control of the county court.

In accordance with the will of Mrs. Perkins, the plaintiff in error qualified as executor without bond; and when an executor under such a will has qualified, the statutes provide a mode by which creditors of the estate or persons interested therein may require for their security the execution of a bond. R. S., 1944–1946.

These provisions of the statute, however, do not contemplate that the executor shall be removed, unless, after being required to do so, he fails to execute a bond in accordance with art. 1946.

The law gives effect to the expressed wish of the testator or testatrix in so far as it can be done without prejudice to creditors of the estate or persons interested therein; but for the protection of such persons, whenever it is found to be necessary, requires a bond to be given by the executor.

If, when required to do so, the executor fails, within ten days, to give the bond prescribed, then it is made the duty of the court to remove him and to appoint some competent person in his stead. R. S., 1947.

The articles cited are directly applicable to cases of this character and provide the mode of procedure; while articles 1973–1976 are applicable to executors or administrators administering an estate under the control of the probate court.   Jerrard v. McKinzie, 61 Tex., 43.

We are of the opinion that the court erred in removing the plaintiff in error from the executorship, without his failure to give bond after being required to do so, and for that reason the judgment of the court below will be reversed and the cause remanded, that, if the averments of the application be found true, the cause be disposed of in accordance with this opinion; the receivership to continue until bond, if found necessary, be given, or an administrator with the will annexed be qualified to take charge of the estate.

It is accordingly so ordered.

REVERSED AND REMANDED.

[Opinion delivered February 24, 1885.]