## HOCKER et al. v. STEVENS et al.

### No. 2576.

Court of Civil Appeals of Texas. El Paso
Oct. 8, 1931.

Rehearing Denied Oct. 22, 1931.

Lea, McGrady & Edwards, of El Paso, for appellants.

Allen R. Grambling, R. F. Burges, and Walter S. Howe, all of El Paso, for appellees.

HIGGINS, J.

The will of R. B. Stevens, deceased, designated five persons as independent executors of his estate and directed that no bond be re-

quired of them as such, and contained the usual provision that they should administer the estate free from the control of the probate court. The will was probated March 7, 1927. The executors named qualified and returned into the probate court an inventory, etc., which was approved in May, 1927.

The will in question has been twice before this court. See Hocker v. Piper, 2 S.W.(2d) 997, and Hocker v. Stevens, 18 S.W.(2d) 842.

On October 10, 1930, all of the beneficiaries under the will, except Lucille T. Stevens, filed a motion in the county court of El Paso county, where said will was probated, to remove from office the said executors. Attached to and made a part of the motion was a copy of the will.

It was alleged that the executors had been guilty of gross neglect and mismanagement in the performance of their duties in certain particulars specified, which need not be here set forth as no point with respect to the sufficiency of those allegations is here made.

It was prayed that the court remove such executors and appoint an administrator of the estate. In the county court a general demurrer to the motion was sustained, and the movants declining to amend, the motion was dismissed. Upon appeal to the district court the demurrer was again sustained and the motion dismissed, from which order this appeal is prosecuted.

This appeal is presented upon the proposition that article 3467 applies to independent executors without bond, and that under subdivision 2 of said article the executors are removable by the county judge because of the grounds set up in the motion, and that it is not necessary for the beneficiaries of the will to first proceed under chapter 12, title 54, of the Revised Statutes, to compel such executors to give bond as provided in article 3438 of said chapter.

In brief, the position of the appellants is that independent executors without bond are removable by the county judge under article 3467, when it is proven that such executors have been guilty of gross neglect or mismanagement in the performance of their duties as such. In support of their position appellants have presented an able brief which we have carefully considered, but in our opinion the question is foreclosed against them by the decisions of the Supreme Court of this state in Perkins v. Wood, 63 Tex. 396, and Jerrard v. McKenzie, 61 Tex. 40. See also opinion of Judge Williams in Roy v. Whitaker (Tex. Civ. App.) 50 S. W. 491, at page 495.

In the first-mentioned case Perkins was the independent executor, without bond, of his mother's will. The will provided that the share of Hosmer Wood, grandson of the deceased, should not be paid to him until he became twenty-one years of age, and no portion of it until five years from the date of the will, and that the executor should retain in his possession the share of Hosmer Wood until the latter's majority. Wood, as the guardian of the minor, Hosmer Wood, filed suit in the county court against the executor for the purpose of removing him from his position as executor, or of compelling him to execute a bond if the court declined to remove him. Charges of mismanagement and misapplication of the estate were stated against the executor. Judgment by default was rendered against the executor, removing him from his position as such, a receiver of the estate was appointed until an administrator should be appointed, and the executor ordered to turn over all of the effects of the estate to him. From this order the executor appealed, and the Supreme Court, speaking through Justice Stayton, said:

"The will of Mrs. Perkins not requiring the plaintiff in error to give bond as executor, the application, on very sufficient grounds, sought, under the provisions of article 1944, R. S., to compel the executor to give a bond for the security of those interested in the estate. It sought also to have him, as an alternative relief, removed from the executorship upon grounds which would be sufficient to require the removal of an executor or administrator who had given bond and was administering an estate under the control of the county court.

"In accordance with the will of Mrs. Perkins, the plaintiff in error qualified as executor without bond; and when an executor under such a will has qualified, the statutes provide a mode by which creditors of the estate or persons interested therein may require for their security the execution of a bond. R. S., 1944–1946.

"These provisions of the statute, however, do not contemplate that the executor shall be removed, unless, after being required to do so, he fails to execute a bond in accordance with art. 1946.

"The law gives effect to the expressed wish of the testator or testatrix in so far as it can be done without prejudice to creditors of the estate or persons interested therein; but for the protection of such persons, whenever it is found to be necessary, requires a bond to be given by the executor.

"If, when required to do so, the executor fails, within ten days, to give the bond prescribed, then it is made the duty of the court to remove him and to appoint some competent person in his stead. R. S., 1947.

"The articles cited are directly applicable to cases of this character and provide the mode of procedure; while articles 1973–1976 are applicable to executors or administrators administering an estate under the control of the probate court. Jerrard v. McKenzie, 61 Tex. 43.

"We are of the opinion that the court erred in removing the plaintiff in error from the executorship, without his failure to give bond after being required to do so, and for that reason the judgment of the court below will be reversed and the cause remanded, that, if the averments of the application be found true, the cause be disposed of in accordance with this opinion; the receivership to continue until bond, if found necessary, be given, or an administrator with the will annexed be qualified to take charge of the estate."

Articles 1944–1947, referred to in the opinion, correspond to articles 3438–3441 of our present Revised Statutes. Articles 1973–1976 correspond to articles 3466–3469 of the present revision.

The case of Jerrard v. McKenzie, which is cited by Judge Stayton, fully supports the conclusion reached in the Perkins Case.

It is insisted by appellants that the Perkins Case is distinguishable and not controlling. But we are unable to find any material distinguishing feature. Upon the authority of that case and the others cited, we are of the opinion that the remedy of the appellants is controlled and governed by articles 3438–3441, and the demurrer was properly sustained.

Affirmed.