Edythe Westerfield **BELL**, Appellant,

v.

Glenn **STILL**, Appellee.

No. 4345.

Court of Civil Appeals of Texas.

Waco.

April 8, 1965.

Rehearing Denied April 29, 1965.

L. D. Gilmer, James F. Warren, Houston, for appellant.

Coy U. Spawn, Jr., Kelley, Ryan & Merrill, C. O. Ryan, Houston, for appellee.

WILSON, Justice.

The single question in this case is whether the probate court has jurisdiction to remove an independent executor for alleged mismanagement and malfeasance in the administration of an estate. The probate court and the district court on appeal concluded the probate court did not have this power. We affirm.

The case presents construction problems concerning Texas Probate Code Sec. 222 (b), Acts 1955, 54th Leg., p. 88, ch. 55, V.A.T.S. The statutory predecessor of this section governing removal of representatives was Art. 3467, Vernon's Ann. Civ.Stat., which provided that an "executor" might be removed with notice. It was settled, as appellant concedes, that under this statute the probate court had no jurisdiction to remove an independent executor on grounds such as are here alleged. Perkins v. Wood, 63 Tex. 396, 399; Roy v. Whitaker, 92 Tex. 346, 48 S.W. 892, 897, 49 S.W. 367; Cocke v. Smith, 142 Tex. 396, 179 S.W.2d 954, 956, 957, judgment set aside, 179 S.W.2d 958; Edsall v. Hutchings, Tex.Civ.App., 143 S.W.2d 700, writ ref.; Hocker v. Stevens, Tex.Civ. App., 42 S.W.2d 473, 474, writ dism.; Roy v. Whitaker, Tex.Civ.App., 50 S.W. 491,

495; Simkins, Administration of Estates (1st ed.) 105; Woodward, 37 Tex.L.Rev., (1959) 831. See generally, Marschall, 33 Tex.L.Rev. 94 (1954).

Subsection (a) of the existing Probate Code, Section 222 relates to removal without notice of personal representatives "appointed under the provisions" of the Code. Subsection (b), however, is not so restricted; it authorizes the probate court to remove a "personal representative" upon notice for specified causes.

Probate Code Sec. 3(aa) as it existed before 1957 defined the term "personal representative" as used in the Code ("unless otherwise apparent from the context") as including "independent executor". By Acts 1957, 55th Leg., p. 53, ch. 31, Sec. 2(a), this definition was amended to add: "The Inclusion of independent executors herein shall not be held to subject such representatives to control of the courts in probate matters with respect to settlement of estates except as expressly provided by law." This is the existing wording.

■ The term "settlement of estates" used in amended Sec. 3(aa) which defines "personal representatives" is to be read in connection with Probate Code Sec. 145, for these both relate to independent executors, and both refer to "settlement" of estates. They are in pari materia. State v. Dyer, 145 Tex. 586, 200 S.W.2d 813; Calvert v. Fort Worth National Bank, 163 Tex. 405, 356 S.W.2d 918, 921. Section 145 authorizes the testator to make testamentary provision that no other action shall be had in the county court in relation to the "settlement of his estate" than the probating and recording of the will

and the filing of inventory, appraisement and list of claims.

By Acts 1957, 55th Leg., 53, ch. 31, Sec. 2(b) a new provision was added to Probate Code Sec. 145 providing that "as long as the estate is represented by an independent executor, further action of any nature shall not be had in the court except where this Code specifically and explicitly provides for some action in the court.[1]

The literal effect, therefore, of the applicable provisions is to establish these general tests for ascertaining existence vel non of the power invoked in the present case: (1) whether removal of the independent executor for the assigned reasons requires the probate court to take action in connection with "settlement" of the estate, and (2) whether the Code "specifically and explicitly" provides for that action in the latter tribunal.

The Code does not specifically and explicitly provide for removal of independent executors except as the definition of "personal representatives" in Sec. 3(aa) may be said to do so. The latter section reiterates and underscores the limitation on the power to control independent executors. Rather than providing for action, the amendment prohibits control over probate matters which relate to the "settlement of the estate."

■ Although solution of the problem is difficult, we are convinced it was not the legislative intent to overturn the established limits on the power of the probate court over independent executors.

"The Texas Probate Code was not designed to make any radical changes in the former probate law," wrote reviser

1. Probate Code Sec. 146 originally provided "The provisions of this Code shall not apply to independent executors except where specifically made applicable thereto." This sentence was eliminated by amendment, Acts 1957, 55th Leg., p. 53, ch. 31, Sec. 2(c). See Boyles v.

Gresham, 158 Tex. 158, 309 S.W.2d 50, 53, 54; Woodward, 34 Tex.L.Rev. 691 (1956); id., 37 Tex.L.Rev. 833 (1959); and Melton v. Hahnel, Tex.Civ.App., 347 S.W.2d 350, writ ref. n. r. e., decided on facts arising before Acts 1957, 55th Leg., ch. 31 became effective.

and committee adviser R. Dean Moorhead, 17A, Vernon's Ann.Civ.Stat. iv; 16 Tex. Bar Journal 498; id. 18:373. "The primary goal of those who worked on the Code was to eliminate the conflicts, to clarify the ambiguities, to fill the gaps, to modernize some of the language, and otherwise to deal with particular statutes which had proved productive of problems. At the same time, however, the draftsmen sedulously sought to avoid changing any statute unless a change was deemed necessary for one of the aforementioned reasons."

To permit the court to remove the trustee named by the testator for causes such as here charged, which involve passing upon his conduct in settling the estate, is to authorize accomplishment by obliquity what is prohibited to be done directly. If the asserted grounds of removal concern the acts of the independent executor in the settlement of the estate, as they do here, in that respect the power to remove is the power to control. On the other hand, the Legislature has not totally divested the county court of jurisdiction over independent executors who mismanage the estate or threaten to betray their trust. By Sec. 149 the Probate Code directs "specifically and explicitly" that in such case "upon proper proceedings had for that purpose, as in the case of executors and administrators acting under orders of the court, such executor may be required to give bond." See Edsall v. Hutchings, Tex.Civ.App., 143 S.W.2d 700, 703, writ ref.; Perkins v. Wood, 63 Tex. 396.

In Roy v. Whitaker (1898), 92 Tex. 346, 48 S.W. 892, 896, 897, 49 S.W. 367,

2. For history of this legislation from 1848 see Cook v. Baker, Tex.Com.App.,

the Supreme Court considered "settlement" of estates in the context of Sec. 145 as it existed before the 1957 amendment and similar earlier statutes.[2] After citing examples of the powers of independent executors and restrictions on those of the probate court; and after holding that prohibition of probate court power "arises out of the existence of a trustee to whom the testator has chosen to confide those powers," the opinion analyzed articles of the probate statutes referring to "executors," and reviewed decisions interpreting that word as including, or not, independent executors. The Supreme Court concluded:

"The effect of the foregoing cases is to establish the proposition that, except in those articles which relate to acts to be done in the settlement of an estate, the term 'executors,' as used in our statutes, includes independent as well as other executors."

The quoted holding is indentical and equivalent in principle to the language of the final sentence of amended Probate Code sec. 3(aa). With the statute and case law in this posture it was consistently held that the probate court did not have the power here invoked under Art. 3467 and its forerunners. The law in this respect, therefore, is as it was under Roy v. Whitaker. The decision is consequently controlling and conclusive of the present question. The probate court does not have jurisdiction to remove the independent executor on the grounds alleged.

Affirmed.

45 S.W.2d 161, 165; Simkins, Administration of Estates (1st ed.) 103.