GEO. W. SMYTH V. ANNA E. CASWELL, EXECUTRIX.

(Case No. 2164)

1. ESTATES OF DECEDENTS—INDEPENDENT EXECUTOR—PRESENTATION OF CLAIM FOR ALLOWANCE, BEFORE SUIT, NOT NECESSARY—PLEADING—It is not necessary, before suing an executor administering an estate independently of the county court, upon a claim against his testator, to present to him the claim for allowance, nor is it necessary, in such cases, to allege that the executor has assets out of which a judgment can be satisfied.
2. CASES REVIEWED—Fulton v. Black (21 Tex. 425), and Walters v. Prestidge (30 Tex. 66), reviewed.
3. CASE APPROVED—Pleasant v. Davidson (34 Tex., 459) cited and approved.

APPEAL from Jefferson. Tried below before the Hon. W. H. Ford.

This suit was instituted by appellant in the district court of Jefferson county, June 12, 1885, against appellee as executrix of the estate of C. C. Caswell, deceased, upon nine promissory notes executed by her testator in his lifetime, and aggregating the sum of $5,814.12.

The petition, besides the averments usual in suits on promissory notes, alleges that C. C. Caswell departed this life in Jefferson county, Texas, August 6, 1883, leaving a will, in which he named the defendant, Anna E. Caswell, his executrix, and authorized her to administer his estate independently of the probate court, and without bond; that the will was duly probated in the county court of Jefferson county; that the defendant qualified as executrix thereunder, September 26, 1883; and that she has ever since been, and still is, acting as such executrix and administering the estate independently of the probate court. But the petition does not allege that the notes had

been. presented to the defendant for allowance as a claim against the estate of her testator, or that the defendant has in her possession property of the estate, subject to execution, out of which plaintiff's claim can, in whole or in part, be satisfied.

Defendant demurred to the petition on the grounds, that it did not show that plaintiff's claims had been sworn to and presented to the executrix for allowance, and did not show that the executrix had in her possession property of the estate of her testator, out of which the claims could be, in whole or in part, satisfied.

The court sustained the demurrer, and, the plaintiff declining to amend, the suit was dismissed. From that judgment the plaintiff has presented this appeal, assigning as error the court's ruling on the demurrer interposed by the defendant.

*Tom. J. Russell,* for appellant, that a person acting in the capacity of independent executrix, under a will duly probated and dispensing with the necessity of a bond, and authorizing the executrix to administer the estate of the testator independently of the probate court, may be sued upon a promissory note executed by the testator, without the necessity of the holder first making affidavit of the justness of his claim and presenting it to the executrix for allowance, cited: R. S., 1942, 1943; Pleasant *v.* Davidson, 34 Tex. 459; Pas. Dig., 1371; Act of Jan. 1, 1862; McLane *v.* Belvin, 47 Tex. 493-501; Evans *v.* Taylor, 60 Tex. 422; Wood *v.* McMeans, 23 Tex. 486.

That an independent executor stands in the same relation to creditors of the estate as a surviving husband who has qualified under the law, he cited: R. S., 2172; Evans *v.* Taylor 60 Tex. 422; Holmes *v.* Johns, 56 Tex. 41; McDonough *v.* Cross, 40 Tex. 251; Hague *v.* Sims, 9 Tex. 546, 548.

*Ballinger, Mott & Terry,* also for appellant, filed a printed argument in support of appellant's first proposition.

*Hal. W. Greer, T. W. Ford* and *Douglass & Lanier,* for appellee, that a suit brought on a claim against the estate of a deceased person, without the claim's having been first sworn to and presented to the executor for allowance, whether such executor is independent of the control of the probate court or not, is prematurely brought, and that where the petition fails to show that this has been done, it is fatally defective, cited: R. S., 1956, 2018, 2019, 2020, 2021, 2022, 2036; Fulton *v.* Black, 21 Tex. 424; Walters *v.* Prestidge, 30 Tex. 66; Hansell *v.* Gregg, 7 Tex. 229; Carlisle *v.* Hooks, 58 Tex. 420; Texas Pl., p. 82, and authorities there cited.

That the petition is fatally defective, in that it fails to allege that the defendant, as executrix under the will, has in hand assets out of which plaintiff's claim can be, in whole or in part, satisfied, they cited: R. S., 1943; Story on Con., sec. 279; Evans v. Taylor, 60 Tex. 422; Carlisle v. Hooks, 58 Tex. 420; Story on Con., secs. 254, 275, 282; Texas Pl., p. 82.

WILLIE, CHIEF JUSTICE.—This appeal raises the question as to whether it is necessary before suing an executor administering an estate independently of the county court, upon a claim against his testator, to present the claim to him for allowance.

Prior to the act of January 1, 1862, such an executor could not be sued by a creditor of the estate, but the latter's only remedy was to cause the persons interested as heirs, devisees or legatees of the deceased, to be cited to file bond for the payment of his debt, and in default of the filing of such bond, the estate was to be settled under direction of the county courts, as in the case of other estates. Hartley's Dig.,1219. The act of 1862, gave the additional remedy of a suit against the executor, but made no provision as to any preliminary steps to be taken by the creditor before bringing the suit. Pas. Dig., 1371. Our Revised Statutes contain the same provisions, substantially, as to suits against such an executor, and have made no special provision as to presenting claims to him for allowance before commencing suit. Art. 1943.

Under the act of 1862, it was held, in the case of Pleasant v. Davidson, 34 Tex. 260, that the creditor need not present his claim for allowance before commencing suit against such an executor; and this court has never held to the contrary of that decision. The case of Fulton v. Black, 21 Tex. 425, was decided before the passage of the act of 1862, and has, therefore, no bearing upon the question. In that case, Mrs. Fulton had been appointed executrix of her husband's estate, without bond and independent of the probate court. The petition in the suit left it in doubt as to whether the plaintiff was seeking to recover against her in her capacity of independent executrix, or as an ordinary executrix acting under the direction of the county court. The opinion holds that if the former was intended, application should first have been made to the county court, to require those interested in the estate to give bond; if the latter, then the petition should have alleged a presentation to the executrix, and a rejection by her, of the claim. To construe the decision as contended for by appellee, would be to make the court hold that, under the law, as it then stood, if a verified claim were presented to an independent executor, and were

rejected by him, suit could be brought upon it as in the other cases. This holding would be directly contrary to the statutes and the previous and subsequent decisions of the same court, and the opinion admits of no such construction. Hogue v. Sims, 9 Tex. 546; Carroll v. Carroll, 20 Tex. 732; Wood v. McMeans, 23 Tex. 485: Shaw v. Ellison, 24 Tex. 199.

Walters v. Prestidge, 30 Tex. 66, was a suit against an administrator, upon a rejected claim, and the court did not pass upon any question growing out of an independent executorship. The comments of the judge delivering the opinion upon the policy of the probate law requiring the verification of a claim before presenting it to an administrator, were just and proper in their application to the case before him. When, however, the probate law has nothing to do with the management of the estate, these comments have no application or binding force. The testator chooses his own trustee, and confides to him the decision as to the justice of alleged claims against his estate, subject only to any provisions he may have made upon the subject in his will and to the general law of the land.

When the statute says that no executor shall allow any claim for money against his testator, nor shall any county judge approve the same, unless accompanied by an affidavit, it clearly refers to an allowance which is to be followed by a presentation of the claim to the county judge for approval. As the county judge has nothing to do with approving claims when the estate is not administered in his court, it follows that the necessity for verifying and presenting to the executor does not exist. Chief Justice Wheeler remarked, in Wood v. McMeans, 23 Tex. 486, that "allowance and approval would be of no avail unless the probate court had jurisdiction for the purpose of administering the estate, so that the claim could be docketed and paid in due course of administration."

The allowance being of no avail as preliminary to the collection of the claim, there is no necessity to make the affidavit to obtain it. Allowance and approval in an ordinary administration amounts to judgment, does away with the necessity for suit and saves costs, but, in the case of an independent executor, if, after allowance, the claim is not paid, there is the same necessity for suit as if the claim had not been allowed.

We think the decision in Pleasant v. Davidson is clearly correct, and there is no conflict between it and the other two cases already noticed. With the doctrine of this case, uncontroverted, before it, the legislature adopted into the Revised Statutes almost the exact language of the act of 1862. The universal rule in such cases is, that the law is

adopted with the construction it has received from the courts. We think, therefore, that the intention of the legislature was not to require the verification and presentation of a claim to an independent executor before suing upon it. Nor do we think that, in such cases, there is any necessity to allege that the executor has assets out of which a judgment in the case could be satisfied. The entire want of all assets would not prevent the suit. The statute provides that execution shall be levied only of the assets of the estate in the hands of the executor, but this does not prevent the plaintiff from getting judgment while there are no assets, and receiving the benefit of any future property that may come into the hands of the executor, though the plaintiff may subject himself to costs if none should be received.

We think the court below erred in sustaining the demurrer to the petition upon either of the grounds discussed in the briefs and in this opinion, and the judgment is accordingly reversed and the cause remanded.

REVERSED AND REMANDED.

[Opinion delivered January 29, 1886.]