MRS. MYRTIE H. FISCHER ET AT. V. MRS. W. T. BRITTON.

No. 6587.   Decided May 22, 1935.
Rehearing overruled July 3, 1935.
(83 S. W., 2d Series, 305.)

*John C. Key,* of Wichita Falls, *E. E. Fischer, Tom L. Beauchamp, Wm. Frank Bezoni,* all of Tyler, for plaintiffs in error.

The power of sale under deed of trust was suspended by the death of the grantor. Dwight v. Overton, 35 Texas, 390; Robertson v. Paul, 16 Texas, 472; Whitmere v. May, 96 Texas, 317; Swearinger v. Williams, 67 S. W., 1061.

*Mathis & Caldwell,* of Wichita Falls, for defendant in error.

MR. JUDGE TAYLOR of the Commission delivered the opinion for the Court.

This suit was upon a promissory note in the sum of $10,000 dated November 1, 1927, due three years after date, payable to the order of Mrs. W. T. Britton, signed by J. W. Henderson, and secured by deed of trust on a part of three lots situated in Wichita Falls. J. W. Henderson died testate April 3, 1928. The will provided that Myrtie H. Fischer and Lucile Albright, daughters of deceased, should act as independent executors without bond, and that no other action should be had in the probate court with reference to the will than to prove

and record same, and file an inventory, appraisement and list of claims. It provided also for payment of the debts of deceased out of his estate and that the residue of his property should pass to his said daughters. On June 9, 1928, the daughters qualified as independent executors as directed in the will. Since that time they have been in possession of the estate, administering it in that capacity. On December 1, 1931, the property secured by the deed of trust was sold at trustee's sale under the deed of trust, and bought in by Mrs. Britton for $3,500. Various other payments had theretofore been made and credited on the note. The $3,500 was also credited, leaving a balance due of $6,114. On December 22, 1931, Mrs. Britton filed suit against the executors, as such, and individually, to recover the amount of the deficiency. No question was raised as to the legality or justness of the debt. The trial court found as a fact that the sale by the trustee was valid. The defendant, Myrtie H. Fischer, as executor and individually, joined pro forma by her husband, and Lucile Albright, as executor, filed answer, and among other defenses invoked an act of the 42nd Legislature amending article 3515-A of the Revised Civil Statutes (Vernon's Supplement to Complete Texas Statutes, p. 332), which is set out fully in the opinion of the Court of Civil Appeals. The findings of fact and conclusions of law filed by the trial court are also set out in full in the opinion. Judgment was rendered denying plaintiff recovery of the balance due on her note and discharging defendants from liability. The Court of Civil Appeals adopted the findings of fact of the trial court and ordered that the judgment below be reversed, and rendered judgment in favor of Mrs. Britton against the executors for the amount sued for. 61 S. W. (2d) 191. The judgment further provided that in event the amount due could not be satisfied by execution running against such of the estate as remained in the hands of the executors, then execution should issue against all of the defendants, each individually, for $300. The executors had theretofore appropriated that amount each from the estate to her own use and benefit. E. E. Fischer and J. C. Albright were not excepted from that provision of the judgment relating to the issuance of execution conditionally, doubtless through inadvertence.

Executors contend that the grantor in the deed of trust, Henderson, having died before the trustee's sale, the power of sale was suspended, and that the sale was void. The trial court found the sale valid, but concluded as a matter of law that Mrs. Britton was not entitled to any of the relief prayed for "be-

cause of the provisions of article 3515-A as amended by the Acts of the 42nd Legislature."

1 The law is settled that a trustee under a deed of trust can exercise the power of sale after the death of the grantor when the grantor's estate is being handled under an independent executor as provided and directed in the will. Taylor v. Williams, 101 Texas, 388, 108 S. W., 815. In that case the assignee of the mortgaged property had died. The question presented was whether an independent administration was such an administration as would, by force of the probate law, extinguish or supersede the power of the trustee in the deed of trust to sell. The court, speaking through Judge Williams, held that the death of the assignee of the grantor, *who was treated as the grantor,* did not revoke the power to sell, and that administration by an independent executor was not the kind of administration which would suspend the trustee's power.

2 The trial court found as a fact that a great part of the estate of the deceased was still held by the executors. Mrs. Britton presented her unsecured claim, verified, to the executors, but did not do so until a few days after suit was filed. It was not necessary, however, to present it at all. Where the powers conferred in the will upon an independent executor are general, as here, he is to manage the estate and pay the debts as though both the estate and debts were his own. The statutory requirement to the effect that no claim for money shall be allowed by an executor against his testator unless accompained by an affidavit refers to an allowance which is to be followed by presentation of the claim to the county judge for approval. Smyth v. Caswell, 65 Texas, 379; Howard v. Johnson, 69 Texas, 655, 7 S. W., 522; Ewing v. Schultz (writ ref.), 220 S. W., 625.

The cases cited by the executors on their contention that the sale was void were either distinguished or overruled specifically in Taylor v. Williams, or were decided prior to the decision in that case, or applied only to administration conducted under the direction of the probate court and not by independent executors. The trial court and Court of Civil Appeals were correct in holding the trustee's sale under the deed of trust was valid.

Mrs. Britton was entitled to the relief prayed for unless article 3515-A as amended by the Acts of the 42nd Legislature applies to the facts as found by the trial court.

3 If the legislature had intended to make the Amendment applicable to administrations under independent executors, it

would doubtless have supplemented the articles of Chapter 12 of Title 54 relating thereto, under which presentation and classification of claims are not required. Instead, the legislature made the Amendment expressly supplementary to certain articles of Chapter 18 of that title relating to ordinary administrations under the direction of the probate court. In the course of such administrations presentation and classification are required. There is no contention by the executors that the legislature intended by its enactment to repeal any part of Chapter 12. The purpose of the Amendment is to "regulate the manner of presentation, allowance, approval, classification, and payment of claims, and liens against estates of deceased persons" in ordinary administrations under direction of the probate court. There are no facts in the record that make applicable statutory requirements pertaining peculiarly to such administrations. No such administration is involved here. In the case of Alexander v. Berkman, 3 S. W. (2d) 864, cited by the exetutors, as well as the later case of Morrell v. Hamlet, 24 S. W. (2d) 531, it is pointed out that independent executors are required to conform to the provisions of the probate law only so far as applicable. The record contains nothing suggesting that necessity existed for an administration on the estate of the deceased through the probate court, or that there was any creditor who might have demanded such an administration. Nor is there any suggestion in the record that anyone ever took control of the estate to administer it in the probate court, or sought to do so in any suit instituted for that purpose; or that there was any character of administration other than through the independent executors who were in possession of the estate under the will, handling same independent of the probate court. This is simply a suit for money against independent executors and the Amendment is without application. The Court of Civil Appeals correctly so held. Article 3433, 3436, 3437, 3449, Chapter 12, Title 54, R. S., 1925, and cases above cited. As the Amendment has no application to the facts it is unnecessary to pass upon the question of its constitutionality.

Defendant in error in reply to the application for the writ admits error in the rendition conditionally by the Court of Civil Appeals of personal judgment for $300 against J. C. Albright, who is a non-resident of the State and did not answer upon being served with non-resident notice; also in rendering a similar judgment against E. E. Fischer, who was joined in the suit only pro forma as the husband of Myrtie H. Fischer. The judgment is reformed so as to deny recovery against either

of them. However, that part of the judgment awarding execution conditionally against the executors, each individually, to the extent of $300 is correct. Thomas v. Bonnie, 66 Texas, 635, 2 S. W., 724; Mayes et al. v. Jones, 62 Texas, 365.

The judgment of the Court of Civil Appeals is reformed in so far as rendered against J. C. Albright and E. E. Fischer for $300 each, and as reformed, is affirmed.

Opinion adopted by Supreme Court May 22, 1935.

Rehearing overruled July 3, 1935.