## MAZZOLA v. LUCIA.

No. 3136.

Court of Civil Appeals of Texas. Beaumont.

Aug. 4, 1937.

Rehearing Denied Oct. 20, 1937.

274

J. T. Adams and R. Lee Davis, both of Orange, and Morris & Bennett, of Beaumont, for appellant.

E. L. Reid and Graham Bruce, both of Orange, for appellee.

COMBS, Justice.

On April 23, 1932, Mike Lucia executed and delivered to appellee, Sam Lucia, who was plaintiff below, a promissory note for $2,900 for money borrowed; said note being due six years after date. To secure the note, Mike Lucia executed a mortgage on two tracts of land. The mortgage is in rather unusual form, but no point is made that it was not sufficient to fix a lien on the property described. The mortgage contained a provision as follows: "It is further expressly understood, agreed and herein stipulated, that in the event of the death of the mortgagor herein prior to the maturity of the above described note, and the indebtedness hereby secured, that said indebtedness, and any unpaid balance due hereon at the time of his decease, shall be paid off by the heirs of the said Mortgagor share and share alike, to wit: the said Sam Lucia, or his heirs, shall pay one-half thereof, and Mrs. Annie Mazzola, wife of Bennedetto Mazzola, of Orange County, Texas, or their heirs, shall pay the remaining One-Half thereof. Upon the payment of one-half of the indebtedness remaining unpaid at the death of the said Mike Lucia, by the said Mrs. Annie Mazzola thereafter, the said mortgagee hereby agrees, promises and obligates himself, his heirs and assigns, to release that portion of said properties inherited by the said Mrs. Annie Mazzola, her heirs and assigns, from the operation of the lien hereby created and fixed against said properties and discharge her one-half of said indebtedness. That the said Mike Lucia is the father of the said Sam Lucia and Mrs. Annie Mazzola, and the said Sam Lucia and Mrs. Annie Mazzola (nee Lucia) are the only living heirs of the said Mike Lucia."

Mike Lucia died in 1934, leaving a will in which he named appellee, Bennedetto Mazzola, independent executor. The will was duly probated and Mazzola qualified as executor, and at the time of the trial was administering the estate. The note was unpaid at the time of Mike Lucia's death and this suit was brought by Sam Lucia against Bennedetto Mazzola as independent executor of the estate of Mike Lucia, and against Annie Mazzola and husband, Bennedetto Mazzola, individually, for judgment on the note for its face amount, interest, and attorney's fees, and for foreclosure of the lien. It was alleged that the proviso in the mortgage above set out had the effect of accelerating the maturity of the note by reason of the death of Mike Lucia, and that Annie Mazzola had not paid the one-half of the note as provided in the mortgage, but had claimed her one-half of the property of the estate, and was obligated to pay one-half of the note. The defendant Annie Mazzola specially excepted to the

petition wherein the plaintiff had plead that she was bound for payment of one-half of the note. The exception was sustained and the individual defendants, Annie Mazzola and husband, were dismissed from the suit and the case proceeded to trial against Bennedetto Mazzola in his capacity as independent executor of Mike Lucia's estate. The trial court entered judgment for the plaintiff and against the executor for the debt in the full amount of the note, interest, attorney's fees, and costs, and foreclosed the lien on the property described.

### Opinion.

■ Appellant's contention that the note was not due and could not, for that reason, be sued on is overruled. True, the note itself, standing alone, would not have been due until the expiration of six years from its date, which would be in 1938; but the mortgage, as shown by the provision quoted above, had the effect of accelerating the maturity of the note by making it payable upon the death of the maker. The note and mortgage were executed contemporaneously, and should be construed together. Stubblefield v. Cooper (Tex.Civ. App.) 37 S.W.(2d) 818; Slyman v. Simon, 226 Mo.App. 1000, 48 S.W.(2d) 140. The suit was not premature.

■ Appellant insists that the judgment of the trial court is fundamentally erroneous in that it gives judgment against the executor for the full amount of the note and forecloses the lien on the land when, by the terms of the mortgage, one-half of said note was to be paid by Sam Lucia and one-half by Annie Mazzola upon the death of the maker, and that the judgment of the court had the effect of compelling payment of all of the note by the Mike Lucia estate, contrary to the terms of the mortgage. The contention is overruled. We think a fair construction of the rather unusual mortgage is that the provision in question, and which is quoted above, had the effect of granting to Annie Mazzola the option of paying one-half of the debt and claiming one-half of the property inherited from her father freed from the lien. In that case, however, the plaintiff Sam Lucia, the other heir, would have been left but one-half of his debt unpaid. Sam Lucia and Annie Mazzola were the children and only heirs of Mike Lucia, and the father no doubt considered that method of satisfying the note fair and equitable to both. But the proviso was only optional so far as

Annie Mazzola was concerned. She was not a party to the mortgage contract, and was not compelled to abide by it. She elected not to accept the proviso. She did not pay one-half of the debt, nor offer to do so, but, on the contrary, when sued in this suit she was dismissed out of it on what amounted to a plea that she was not bound by the mortgage provisions. Now is the plaintiff to lose his debt simply because his sister, Annie Mazzola, refused to be bound for the payment of the one-half of the note? Can she, by refusing to pay the one-half of the note, and thereby freeing her part of the inheritance from the lien, as provided in the mortgage, accomplish the same result by paying nothing? Or, to put it another way, Can she, by refusing to pay one-half of the note, thereby extinguish the note completely as a debt against her father's estate, and thus compel the plaintiff to lose all his debt when, by the terms of the mortgage, he was in no event to "pay" but half of it? We think not. The provision in the mortgage for paying the note by the children equally, share and share alike, being optional with Annie Mazzola, and since she refused to accept the provision, Sam Lucia was left with his note and the mortgage securing it as the obligation of the Mike Lucia estate, and he had a right to assert the claim in this suit.

■ From what we have said above it is apparent that Sam Lucia, by suing on the note and mortgage in this case, did not thereby bind himself to a "payment" of one-half of the note on the doctrine of election, as contended by the appellant. That one may not accept the benefits of a contract without being bound by all of its provisions is a well-recognized equitable principle. Doty v. Barnard, 92 Tex. 104, 47 S.W. 712; Schramm v. Hoch (Tex.Civ. App.) 241 S.W. 1087. But that rule in nowise denies the appellee his judgment for his debt and foreclosure against his father's estate in this case. By asserting his right under the mortgage contract, he made no effort to avoid any of the provisions of the mortgage contract. Instead, he relied on every provision of it. The note was a debt against the Mike Lucia estate. The failure to give effect to the special note payment feature of the mortgage contract was due to the election of Annie Mazzola not to be bound by it.

■ The fact that proof was not made that claim for payment of the note had been

presented to the executor was immaterial. The record shows that appellant, Bennedetto Mazzola, was administering the estate of Mike Lucia as an independent executor. Therefore, articles 3514 and 3515a, Vernon's Ann. Civil Statutes, providing for allowance of claims, have no application, and it was not necessary that the claim be presented to the executor as a predicate for bringing suit. Fischer v. Britton, 125 Tex. 505, 83 S.W.(2d) 305; Ewing v. Schultz (Tex.Civ.App.) 220 S.W. 625; Sloan v. Dahl (Tex.Civ.App.) 27 S.W.(2d) 284.

Finding no error, the judgment of the trial court is affirmed.