**DITTO INVESTMENT COMPANY,**
Appellant,

v.

**James DITTO, Jr., Independent Executor of the Estate of James Ditto, Sr., Appellee.**

No. 15735.

Court of Civil Appeals of Texas.

Fort Worth.

June 29, 1956.

Rehearing Denied Sept. 14, 1956.

McGown, Godfrey, Logan & Decker, R. W. Decker and Winfred Hooper, Jr., Fort Worth, for appellant.

Cantey, Hanger, Johnson, Scarborough & Gooch and Jack C. Wessler, Fort Worth, for appellee.

RENFRO, Justice.

Suit was brought by appellant Ditto Investment Company, a corporation, as plaintiff, against appellee James Ditto, Jr., independent executor of the estate of James Ditto, Sr., upon a sworn account for medical services rendered to James Ditto, Sr., during his lifetime by Dr. H. Howard Ditto. Dr. Ditto assigned the claim to his wife, who in turn assigned the claim to appellant.

Appellant's petition alleged that during the period from April, 1948, to July 6, 1953, Dr. Ditto performed professional medical services for James Ditto, Sr., under an agreement between the two that no doctor's bills would be due and payable during the lifetime of James Ditto, Sr., but that all bills for doctor's services would be presented for payment to the estate of James Ditto, Sr., when he died. It was alleged that James Ditto, Sr., died July 6, 1953, and thereafter Dr. Ditto presented his bill to the independent executor, who refused to pay same.

Appellee filed a motion for summary judgment on the basis he was entitled to judgment as a matter of law because the claim, or a substantial part thereof, was barred by the two-year statute of limitation; the claim was barred by the 90-day limitation statute, Art. 3522 et seq., for the reason it affirmatively appeared the claim was presented to the executor on September 3, 1953, and suit was not filed until June 22, 1955, long after the expiration of

90 days after the rejection of the claim; the affidavits in support of the claim are inadmissible by virtue of the dead man's statute, Art. 3716, and are of no effect, leaving no evidence on which judgment could be rendered for appellant.

In support of the motion for summary judgment appellee filed an affidavit in which he stated the claim was presented to him on September 3, 1953, that he had never accepted or approved said claim for payment and had always refused to pay same, because, among other reasons, the affiant was of the "opinion that said claim was unreasonable, unjust and excessive * * *."

Appellant presented counter-affidavits by Dr. Ditto, in which he detailed the contract alleged in appellant's petition, set out the services rendered thereunder, that the charges were just and reasonable and correct, that he assigned the claim to his wife, Princess H. Ditto, as a gift and as her sole and separate property, without warranty. A copy of the assignment is attached to the affidavit. Appellant also filed an affidavit by Princess H. Ditto stating she transferred the claim to Ditto Investment Company on June 21, 1955. A copy of the assignment from Princess H. Ditto to appellant, Ditto Investment Company, is attached to the affidavit.

The court entered a short form judgment granting appellee's motion for summary judgment.

By appropriate points of error, appellant urges that summary judgment should not have been granted on any of the grounds set out in appellee's motion.

■ We think the two-year statute of limitation did not apply to appellant's claim. Where a contract for services provides for compensation to be paid after the death of the employer or out of his estate after his death, the statute of limitation does not begin to run against the employee's claim until the employer dies,

unless the employer in his lifetime repudiated the contract. 54 C.J.S., Limitations of Actions, § 132, p. 47; Whitehead v. Rhea, Tex.Civ.App., 168 S.W. 460.

■ Appellant's petition alleged that the services by Dr. Ditto continued under the agreement until the death of James Ditto, Sr. The suit was brought less than two years after the death of James Ditto, Sr., therefore, the claim is not barred by the two-year limitation statute.

■ Neither do we think the appellant's suit is barred by the 90-day statute, Art. 3522, which was in effect when the suit was filed.

■ Where an estate is being administered by an independent executor, the general provisions regulating the procedure for the establishment of claims against an estate are not applicable. 14–A Tex. Jur., p. 316, sec. 326; Travis v. Kennedy, Tex.Civ.App., 66 S.W.2d 444. Although Dr. Ditto, prior to the time appellant acquired the claim by assignment, presented a verified claim to the executor, such presentment to an independent executor was not necessary. Smyth v. Caswell, 65 Tex. 379; Fischer v. Britton, 125 Tex. 505, 83 S.W.2d 305; Ewing v. Schultz, Tex.Civ.App., 220 S.W. 625, error ref.; Ashbrook v. Hammer, Tex.Civ.App., 106 S.W. 776.

Appellee seriously contends the affidavits submitted by appellant in opposition to appellee's motion for summary judgment could not be considered by the court because they were inadmissible under the dead man's statute, and, without such affidavits, appellee was entitled to judgment.

In our opinion the Supreme Court's holding in Ragsdale v. Ragsdale, 142 Tex. 476, 179 S.W.2d 291, 295, is adverse to appellee's contention. There the court said: "It is also immaterial that the witness, as indicated in the opinion of the Court of Civil Appeals, may have con-

veyed to others his interest in the estate of the deceased primarily for the purpose of removing his disability as a witness under the statute. The inquiry as to the bona fides of such a transaction relates not to the motive prompting the conveyance but only to the question as to whether a conveyance was actually made. If the transaction was a simulated one for the purpose of circumventing the statute, thus ostensibly qualifying an otherwise incompetent witness, when in fact the real ownership or beneficial interest in the property remained in the grantor, the witness so acting would still possess such an interest as to constitute him a 'party' within the meaning of the statute. O'Brien v. First State Bank & Trust Co. of Taylor, Tex. Civ.App., 241 S.W. 556. On the other hand, if the conveyance was not simulated or fictitious, but divested the grantor of all direct and beneficial interest in the property, the grantor would not be disqualified as a witness regardless of the motivating impulses influencing the conveyance. There are no facts in this case to show that the title did not pass out of E. B. Ragsdale by the conveyance. The respondent does not so contend, nor did the trial court reject the testimony on that theory." See also May v. Brown, 144 Tex. 350, 190 S.W.2d 715, 165 A.L.R. 1180; Turner v. Hodges' Estate, Tex.Civ.App., 219 S.W.2d 522.

In the instant case the affidavits and exhibits offered by appellant in opposition to appellee's motion for summary judgment show an assignment of all the interest in the claim from Dr. Ditto to his wife as her sole and separate property and from her to the appellant corporation. The appellee did not deny that the instruments were executed. Appellee says in his affidavit in support of his motion for summary judgment, " * * * affiant does not know anything with respect to any alleged assignment to Ditto Investment Company but upon examination the same claim sued upon by Ditto Investment Company, plaintiff * * * is the same claim presented to affiant by Dr. H. Howard Ditto on September 3, 1953."

Neither Dr. Ditto nor his wife is a party to the instant suit. Appellant is a corporation. Neither Dr. Ditto nor his wife is a necessary or proper party to the suit, even though Mrs. Ditto owns the corporate stock. Accepting as true, as the court must in a summary judgment proceeding, the affidavits offered, Dr. Ditto would not be incompetent to testify for appellant. The exclusionary object of Art. 3716 is not directed against parties with no real interest. Lehmann v. Krahl, Tex., 285 S.W.2d 179.

The duty of the court hearing the motion for summary judgment is to determine if there are any issues of fact to be tried, and not to weigh the evidence or determine its credibility, and thus try the case on the affidavits. Gulbenkian v. Penn, 151 Tex. 412, 252 S.W.2d 929.

In a summary judgment proceeding the court accepts as true all evidence of the party opposing the motion which tends to support such party's contention, and gives him the benefit of every reasonable inference which properly can be drawn in favor of his position.

The affidavits and exhibits offered, viewed in the light most favorable to appellant, make out justiciable issues entitling appellant to a trial on the merits.

The judgment granting appellee a summary judgment is reversed and the cause remanded for a trial on the merits.