GIBRALTAR MORTGAGE AND LOAN
CORPORATION, Appellant,

v.

Charles LERMAN, Independent Executor of
the Estate of Ben Levin, Deceased,
Appellee.

No. 3831.

Court of Civil Appeals of Texas.

Waco.

May 4, 1961.

Shannon L. Morris, Baytown, for appellant.

Neugent & Lilienstern, Texas City, for appellee.

McDONALD, Chief Justice.

This cause was brought by Charles Lerman, Independent Executor of the Estate of Ben Levin, deceased, against Gibraltar Mortgage and Loan Corporation (and others not involved in this appeal), to determine and have declared under the Declaratory Judgments Act, the respective rights of unsecured creditors and Gibraltar as a claimed matured secured creditor in the assets of the estate. Levin's estate consists of some $10,000 in assets and some $50,000 in debts.

The following facts are undisputed. At the time of Levin's death, his total debt to Gibraltar amounting to some $9,000, was secured by a duly recorded chattel mortgage on certain personal property. Gibraltar filed its claim with Executor Lerman, requesting that same be approved as a matured secured claim under the provisions of Sec. 306(a) (1) of the Probate Code of Texas, V.A.T.S. The property securing Gibraltar's debt was sold by Executor Lerman for $400.

The Trial Court (without a jury) held that $400 of Gibraltar's claim was a Class Three claim, and that the remainder of Gibraltar's claim was a Class Four claim.

Gibraltar appeals, contending that the Trial Court erred in not holding that all of its debt was a Class Three claim. Gibraltar cites Wyatt et al. v. Morse, et al., Tex.Com.App. (opinion adopted Sup.

Court), 129 Tex. 199, 102 S.W.2d 396, as directly in point and controlling in its behalf.

We reject Gibraltar's contentions. The Wyatt case, supra, does not hold as contended by Gibraltar. Such case holds that under Probate Code Sec. 306's (predecessor statute), the claimant against the estate secured by chattel mortgage might elect to pursue the property, and when such claim be allowed and approved, it became a preferred lien (as regards Class One and Class Two claims), against the specific property securing the indebtedness. Such case does not hold that the claimant who has a mortgage on chattels, and elects to have his claim paid in due course of administration, thereby acquires a Class Three claim status, for his entire debt against the assets of the estate.

 The rule is that debts secured by lien are to be paid out of the proceeds of the property subject to the lien. Such a claim has no preference over other debts except as regards the specific property securing it. See 14A Tex.Jur. 640. 14A Tex. Jur., 642, summarizes the rule thusly:

"The claims entitled to payment next after secured claims are claims legally exhibited within one year * * *. In this class are the ordinary money claims, and also that portion of a secured claim which remains unpaid after application of the proceeds of the sale of the property which constitutes the security. The same rule applies in the case of a debt secured by a vendor's lien. *We have seen that such preferred claims have priority of payment only to the extent of the proceeds arising from the sale of property subject to the lien. If the proceeds are not sufficient to satisfy the entire debt, the balance of the claim remaining unpaid takes no precedence over other debts of the unsecured class. It is only entitled to share pro rata with other fourth class claims in the general assets of the estate.*"

Likewise, 14A Tex.Jur., 646 states the rule as applied in cases of insolvency as is the case at bar.

"When a secured creditor is placed in the class of unsecured creditors as to part of his claim, the estate being insolvent, such creditor, as to the balance remaining unpaid, is entitled to payment pro rata with other unsecured creditors."

 Further to the foregoing, the procedure outlined in Probate Code, § 306 does not apply to an estate under the control of an independent executor. 14A Tex.Jur., p. 316; Fischer v. Britton, 125 Tex. 505, 83 S.W.2d 305; Higginbotham v. Alexander Trust Estate, Tex.Civ.App., 129 S.W. 2d 352, Er. Ref.

Defendant's contentions are overruled and the judgment of the Trial Court is affirmed.