

# The Attorney General of Texas

March 23, 1978

JOHN L. HILL
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

701 Commerce, Suite 200
Dallas, TX. 75202
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

723 Main, Suite 610
Houston, TX. 77002
713/228-0701

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4313 N. Tenth, Suite F
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity
Affirmative Action Employer

Honorable Patrick J. Ridley
Bell County Attorney
P. O. Box 474
Belton, Texas 76513

Opinion No. H- 1142

Re: Sick leave policy for county officials.

Dear Mr. Ridley:

You have requested our opinion regarding a new sick leave policy recently adopted by the Bell County Commissioners Court.

In Attorney General Opinion H-860 (1976), we held that, at least since January 1, 1972, the effective date of article 3912k, V.T.C.S., the commissioners court of Bell County had been "authorized to provide sick leave to elected county and precinct officials, and, by extension, to compensate those officials for the unused portion of any sick leave earned after that date." On August 16, 1976, the commissioners court adopted the following resolution:

> Effective October 1, 1976, accumulated sick leave for elected officials shall be terminated; that at the present time all accumulated sick leave over sixty days shall be paid to the elected officials; the remaining amount of accumulated sick days shall be left on the records and at such time as any affected elected official leaves his office either by defeat, death, or resignation, the same shall be paid either to the official or his estate.

You first inquire about the validity of this resolution.

In our opinion the resolution is valid, but it is subject to a limitation. Payment for sick leave constitutes part of an individual's "salary." Attorney General Opinion H-860, supra. Section 1 of article 3912k provides that the salaries of "county and precinct officials and employees who are paid wholly from county funds" may not be set lower than they existed on January 1, 1972. The commissioners court is without authority to terminate sick leave accrual for an office, if, when the value of the sick leave which accrues to that

particular office is subtracted from the present total compensation for the office, the compensation is lower than existed on January 1, 1972. We emphasize that section 1 of article 3912k applies, however, only to those county and precinct officials who are paid wholly from county funds. Within the scope of this limitation, we believe that the resolution of the commissioners court regarding termination of sick leave for elected officials is valid.

You also ask about the statute of limitations with regard to an elected official's claim for payment of "accumulated sick leave over sixty days." The commissioners court has provided that payment for excess sick leave shall not be paid to the elected official or his estate until he "leaves his office either by defeat, death, or resignation." In our opinion, any claim for payment of excess sick leave will therefore not accrue until the official vacates his office. See Ditto Investment Co. v. Ditto, 293 S.W.2d 267, 269 (Tex. Civ. App. — Fort Worth 1956, no writ).

## S U M M A R Y

A resolution of the commissioners court of Bell County which terminates sick leave for elected officials is valid within certain limitations. The statute of limitations on an elected official's claim for payment of sick leave under the resolution accrues at the time the official vacates his office.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jst