**Dorothy Cancienne JOFFRION, Independent Executrix of the Estate of Olin Valery Joffrion, Sr., Deceased, Appellant,**

v.

**TEXAS BANK OF TATUM, Appellee.**

No. 9727.

Court of Appeals of Texas, Texarkana.

Oct. 24, 1989.

Rehearing Denied Nov. 14, 1989.

**452**

T. Cass Taliaferro, Longview, for appellant.

David P. Brown, Henderson, for appellee.

BLEIL, Justice.

The Texas Bank of Tatum sued Dorothy Cancienne Joffrion, independent executrix of the estate of Olin Valery Joffrion, Sr., deceased, to recover the balance owing on a promissory note. Texas Bank prevailed in the trial court. In her appeal, the Executrix presents one key issue: whether a secured creditor who first forecloses upon the collateral securing an indebtedness may proceed against an independent administration for the deficiency owing after the foreclosure, or whether Tex.Prob.Code Ann. § 306 (Vernon 1980) applies to an independent executrix and serves as a bar to an action for the deficiency. We conclude that Section 306 of the Probate Code, which provides the method of handling secured claims against an estate, does not apply to an independently administered estate. Therefore, the trial court properly granted judgment allowing Texas Bank to recover the balance remaining on the note after it had foreclosed and sold the property which secured payment of the note.

On March 6, 1987, Olin V. Joffrion, Sr., the deceased, executed and delivered to Texas Bank of Tatum a promissory note in the amount of $85,000.00, secured by a deed of trust on real estate. Olin V. Jof-frion, Sr. died on October 11, 1987, and his wife, Dorothy Cancienne Joffrion, duly qualified as the independent executrix of his estate. The note, which was due and payable on or before September 6, 1987, was not paid. The trustee foreclosed on the property securing the promissory note in April 1988. Texas Bank bought the property at a public auction for $21,000.00, which it credited to the balance due on the note and to the expense of the sale. Texas Bank then requested payment of the deficiency balance from the estate. The Executrix rejected the claim. In September 1988, Texas Bank filed suit seeking a judgment for the deficiency balance. The trial court granted judgment for the balance owing on the note and for attorney's fees.

■ Joffrion contends that Section 306(c) bars a deficiency claim against an estate in which the secured claimant elects to foreclose upon its collateral, pursuant to Section 306(a)(2). Section 306 provides the following:

Method of Handling Secured Claims.

(a) Specifications of Claim. When *a secured claim* against an estate is presented, the claimant shall specify therein, in addition to all other matters required to be specified in claims:

(1) Whether it is desired to have the claim allowed and approved as a matured secured claim to be paid in due course of administration, in which event it shall be so paid if allowed and approved; or

(2) Whether it is desired to have the claim allowed, approved, and fixed as a preferred debt and lien against the specific property securing the indebtedness and paid according to the terms of the contract which secured the lien, in which event it shall be so allowed and approved if it is a valid lien; provided, however, that the personal representative may pay said claim prior to maturity if it is for the best interest of the estate to do so.

. . . .

(c) Approved Claim as Preferred Lien Against Property. When an indebtedness has been allowed and approved under Paragraph (2) of Subsection (a) hereof, *no further claim shall be made*

*against other assets of the estate* by reason thereof, but the same thereafter shall remain a preferred lien against the property securing same, and the property shall remain security for the debt in any distribution or sale thereof prior to final maturity and payment of the debt. . (Emphasis added.) The procedure outlined in Section 306 does not apply to an estate being administered by an independent executor. *Fischer v. Britton,* 125 Tex. 505, 83 S.W.2d 305 (1935); *Gibraltar Mortgage and Loan Corporation v. Lerman,* 346 S.W.2d 487, 488 (Tex.Civ.App.-Waco 1961, no writ). The Executrix acknowledges the existence of the line of authority, including the *Fischer* decision, which holds that the Code does not apply to an independently administered estate, but cites 18 M. Woodward & E. Smith, *Probate and Decedents' Estates* § 915 (Texas Practice 1971), as the primary support for her position. In Section 915, the authors, after acknowledging the existence of the *Fischer* decision, go on to state that, "It is difficult to believe that the legislature could have intended that the mortgagee's right to the options granted by statute should depend upon whether a particular mortgagor had made a will providing for an independent administration on his estate." We have little difficulty in believing that the legislature intended for different rules to apply to dependent and independent administrations. In the Probate Code, Chapter 8, Part 4 (Tex.Prob. Code Ann. § 294, et seq. (Vernon 1980 & Supp.1989)) specifically details how claims are ordinarily to be presented and paid— court supervision and approval is required. Tex.Prob.Code Ann. § 319 (Vernon 1980). None of Part 4 in this chapter appears to have been intended to apply to an independent administration. Rather, independent administration is covered by Chapter 6, Part 4 (Tex.Prob.Code Ann. § 145, et seq. (Vernon 1980 & Supp.1989)). The purpose of the independent administration is to free the independent executor from judicial supervision. *Sweeney v. Sweeney,* 668 S.W.2d 909 (Tex. App.-Houston [14th Dist.] 1984, no writ).

The Executrix also relies on the decision in *Gross National Bank of San Antonio v. Merchant,* 459 S.W.2d 483 (Tex. Civ.App.-San Antonio 1970, no writ). In *Gross* the Court of Appeals held that the secured creditor, by accepting the proceeds of the sale of its collateral, waived any deficiency claim against an independently administered estate.

It has long been the law that the procedures for establishing claims against an estate are not applicable to claims against an estate administered independently. *Roy v. Whitaker,* 92 Tex. 346, 48 S.W. 892 (1898), *modified,* 49 S.W. 367 (1899); *Smyth v. Caswell,* 65 Tex. 379 (1886). The statutory rules concerning the presentment of claims have consistently been held inapplicable to an estate being administered by an independent executor. *See Ewing v. Schultz,* 220 S.W. 625 (Tex.Civ.App.-Galveston 1920, writ ref'd). That was clearly the law before the adoption of the Texas Probate Code in 1945. Further, the Probate Code basically codified existing statutory provisions and did not make any radical changes in the probate law. *See Bunting v. Pearson,* 430 S.W.2d 470, 473 (Tex. 1968). Because we conclude that Section 306 does not apply to this estate, it follows that Texas Bank's foreclosure and sale of the specific property securing the indebtedness does not prevent it from proceeding against the estate for the deficiency balance.

We affirm the trial court's judgment.