**TEXAS COMMERCE BANK–AUSTIN, N.A., Appellant,**

v.

**ESTATE OF George A. COX, Deceased, Appellee.**

**No. 3–88–220–CV.**

Court of Appeals of Texas, Austin.

Dec. 20, 1989.

Rehearing Denied Jan. 31, 1990.

Larry F. York, Baker & Botts, Austin, for appellant.

Wendy Kendall Schaefer, Blazier, Rutland & Lerner, Austin, for appellee.

Before POWERS, GAMMAGE and JONES, JJ.

PER CURIAM.

The opinion and judgment of this Court dated October 25, 1989, are withdrawn and the following substituted therefor.

Appellant, Texas Commerce Bank–Austin, N.A., appeals from an order of the probate court of Travis County denying the Bank's demand for accounting. We will reverse the probate court's order and remand the cause to that court for entry of an order requiring accounting.

On January 28, 1985, George A. Cox executed a promissory note in favor of the Bank in the original principal amount of $2,627,259. The note was secured by a deed of trust and security agreement covering certain real property. After Cox's death, Diana A. Cox, independent executrix of appellee, Estate of George A. Cox, Deceased, renewed and extended the note at least four times. When the note matured by its own terms on April 16, 1987, the Bank made demand for payment on Diana Cox, individually and as independent executrix. She failed and refused to pay.

On June 26, 1987, the Bank filed suit in the district court of Travis County against Diana Cox, individually and as independent executrix, to recover on the note and renewals.[1] On July 7, the Bank purchased the property at a trustee's sale for $1,537,-500. The Bank credited this amount and proceeds from certificates of deposit, held as collateral on the note, to the balance due. Approximately $990,000 remained unpaid on the note.

Thereafter, the Bank filed its demand and amended demand for accounting in the probate court, pursuant to Tex.Prob.Code Ann. § 149A(b) (1980). *See* Tex.Prob.Code Ann. § 3(r) (1980) ("interested person" defined). After a hearing, the probate court denied the Bank's demand for an accounting.

Pursuant to the Bank's request, the probate court filed findings of fact and conclusions of law. Tex.R.Civ.P.Ann. 296 (Supp. 1989). In pertinent part, the court found:

2. Texas Commerce Bank was, at the time of death of Decedent, a creditor of Decedent as to the note....

3. At the time of death of Decedent, estate property was held as collateral for such note....

4. After the death of Decedent, Texas Commerce Bank foreclosed and/or seized all the estate property held as collateral for such note and applied the proceeds of such collateral to the note.

5. Texas Commerce Bank has not tendered any portion of the proceeds of such seized and/or foreclosed collateral to the Independent Executrix for payment of first and/or second class claims of the Estate, or other third class claims.

Based on its findings, the court concluded that:

1. Texas Commerce Bank's note was a third class secured claim as of the date of George Cox's death.

1. In several instances, the Bank refers to the district court proceeding as a "companion case" to the cause on appeal. The only proceeding currently before this Court, however, is the appeal from the probate court's order denying the demand for accounting.

2. Under Texas Probate Code § 306, Texas Commerce Bank has no further claim against the Estate by reason of the election of the Bank to have its claim treated as a preferred debt and lien and its action to seize and/or foreclose on its collateral.

These conclusions raise the central issue on appeal, whether § 306 applies to independent administrations.

■ In its first point of error, the Bank contends that the probate court erred in applying Tex.Prob.Coded Ann. § 306(c) (1980) to an independent administration. Section 306(c) provides:

When an indebtedness has been allowed and approved [as a preferred debt and lien] no further claim shall be made against other assets of the estate by reason thereof, but the same thereafter shall remain a preferred lien against the property securing same, and the property shall remain security for the debt in any distribution or sale thereof to final maturity and payment of the debt.

On its face, § 306 relates to presentment and payment of claims in a dependent administration. Appellee submits, however, that Tex.Prob.Code Ann. § 146 (1980) clearly establishes the application of § 306 to independent administrations. Section 146 provides:

An independent executor, in his administration of an estate ... shall ... receive presentation of and classify, allow, and pay, or reject, claims against the estate in the same order of priority, classification, and proration prescribed in this Code ... to the same extent and result as if his actions has been accomplished in, and under orders of, the court.

The section must, of course, be read with Tex.Prob.Code Ann. § 145(h) (1980) which provides that "as long as the estate is represented by an independent executor, further action of any nature shall not be had in the county court except where this Code specifically and explicitly provides for some action in the county court."

Although new in 1955, § 146 carries forward the pre-Code law in the respect that an independent executor was and is required to handle claims in accordance with the provisions dealing with classifications, priority, and proration, but was and is not bound by the procedures for establishing the claims. *Bunting v. Pearson*, 430 S.W.2d 470 (Tex.1968); *see Bell v. Still*, 389 S.W.2d 605 (Tex.Civ.App.1965), writ ref'd, 403 S.W.2d 353 (Tex.1966). Accordingly, § 146 does not affect the application of pre-Code law in the instant cause.

In *Fischer v. Britton*, 125 Tex. 505, 83 S.W.2d 305 (1935), the supreme court held that art. 3515a,[2] the predecessor of § 306, did not apply to administrations under independent executors. In *Fischer*, the respondent filed suit against the independent executors of an estate, as such and individually, to recover the amount of a deficiency remaining unpaid on a note secured by a deed of trust. As in the present case, the respondent in *Fischer* had previously foreclosed on the property and credited the proceeds to the balance due. The court concluded that respondent "was entitled to [recover the deficiency] unless article 3515a ... applie[d] to the facts as found by the trial court." Citing the placement of article 3515a among certain articles relating solely to *ordinary* administrations, the court determined that the provision did not apply to an *independent* administration. *Id.*, 83 S.W.2d at 306–7.

Later cases carried forward the holding of *Fischer*. In *Montague v. Brassell*, 443 S.W.2d 703 (Tex.Civ.App.1969, writ ref'd n.r.e.), the court stated that the appellee "had the right to proceed to the sale of the mortgaged property under the deed of trust or through court proceedings without the necessity of presenting the same for approval to the independent executor." *Id.* at 705. Appellee, however, did not choose to foreclose but elected to proceed pursuant to § 306. As a result of that election, she could not reach other assets of the estate. *Id., see also Higginbotham v. Alexander Trust Estate*, 129 S.W.2d 352 (Tex.Civ.App.1939, writ ref'd); *Mazzola v.*

---

**2.** 1931 Tex.Gen.Laws, ch. 52, at 79.

*Lucia,* 109 S.W.2d 273 (Tex.Civ.App.1937, writ ref'd); *Joffrion v. Texas Bank of Tatum,* 780 S.W.2d 451 (Tex.App.—Texarkana, 1989 n.w.h.).

■ Accordingly, § 306 does not apply to independent administrations, although a claimant who chooses to bring its claim within the statute's purpose and intent is entitled to the benefits—and bound by the restrictions—of § 306(c). *See generally* Comment, *Construction and Application of Section 306 of the Texas Probate Code,* 11 Baylor L.Rev. 427, 430–34 (1959).

In the instant cause, the probate court concluded that the Bank elected to have its claim treated as a preferred debt and lien under § 306(a)(2). The court based its conclusion on its findings that the Bank foreclosed on estate property and applied those and other proceeds to the note. If the Bank's action were an election under § 306(a), it could not reach other assets of the estate pursuant to § 306(c). If the Bank did not elect to proceed under § 306, the provision has no application and the Bank may attempt to recover the deficiency.

We conclude that the Bank's actions were not an election to proceed under § 306. The Bank exercised an option available to a creditor of an estate in an independent administration: the Bank foreclosed on the property under the deed of trust and applied the proceeds of the sale and collateral on the note to the amount due. *Fischer,* 83 S.W.2d at 306–7; *Montague,* 443 S.W.2d at 705. Because the Bank may proceed against the independent executrix to recover the deficiency, it has a claim against the estate and is an interested person. We sustain the first point of error.

As this Court understands appellant's remaining three points, each is contingent on a conclusion that § 306 applies in the instant cause. Because of our disposition of the first point, we need not address the remaining points.

The order of the probate court denying an accounting is reversed and the cause remanded for entry of an order requiring an accounting.

POWERS, J., not participating.