**Michael P. GEARY, Dependent Administrator of the Estate of Steven J. Corey, Petitioner,**

v.

**TEXAS COMMERCE BANK, National Association, Respondent.**

No. 97–0380.

Supreme Court of Texas.

April 14, 1998.

Rehearing Overruled June 5, 1998.

Evaleen M. Davis, Dallas, for Petitioner.

Carol E. Farquhar, Michael F. Pezzulli, Charles J. Fortunato, Dallas, for Respondent.

## OPINION

PER CURIAM.

We consider whether a bankruptcy court reorganization plan releasing a debtor's co-obligor placed the co-obligor's interests before the bankruptcy court so that he was a party in interest to the bankruptcy for federal res judicata purposes. The trial court held that it did; the court of appeals held that it did not. 938 S.W.2d 205. Because we believe that the plan did make the co-obligor a party in interest, we reverse the judgment of the court of appeals and render judgment for Geary.

The rather convoluted facts of this case were well summarized in the published opinion of the court of appeals. We repeat only those facts necessary to our conclusion that summary judgment was proper on res judicata grounds. In 1988, Steven Corey and Incorsel International Entertainment Consultants, Inc. ("Incorsel") co-signed a promissory note ultimately held by Texas Commerce. Corey, Incorsel's sole stockholder, died in 1991, and Michael Geary became the executor of Corey's estate. Incorsel filed for Chapter 11 bankruptcy protection in 1992, emerging under a confirmed reorganization plan the following year. As part of the bankruptcy reorganization, Texas Commerce received a partial payment on the note and promised to assert no future claims against Incorsel. In addition, the reorganization plan settled "any obligation of [Incorsel], alone, and any obligation of [Incorsel] and any other person, to any Entity." Texas Commerce neither excepted to nor appealed from entry of the plan.

Texas Commerce sued Geary, in his capacity as executor of the sole stockholder's estate, for the balance of the note. Geary moved for and received summary judgment on four grounds. One of the grounds was that the bankruptcy reorganization plan ended Corey's obligation on the note and was res judicata on Texas Commerce's claim for payment from the estate.

The court of appeals reversed on all four grounds and remanded for trial. With respect to res judicata, the court of appeals held that Geary was not a party to the Incorsel bankruptcy, and therefore, res judicata was not available as a defense because Geary did not satisfy the "identity of the parties" element. The court of appeals erred in concluding that Geary, in his capacity as executor of the sole stockholder's estate, was not a party to the bankruptcy proceeding.

■ Because the Incorsel bankruptcy was a federal proceeding, federal law controls whether res judicata will bar a later state court proceeding. See Russell v. SunAmerica Sec., Inc., 962 F.2d 1169, 1172 (5th Cir. 1992); Eagle Properties, Ltd. v. Scharbauer, 807 S.W.2d 714, 718 (Tex.1990). Only one of the four federal res judicata elements is in issue here: whether the parties are identical in both suits.

We note at the outset that the Fifth Circuit has ruled that a bankruptcy order releasing the debt of the bankrupt party's guarantor is entitled to res judicata effect. See Republic Supply Co. v. Shoaf, 815 F.2d 1046, 1051 (5th Cir.1987). Shoaf was the guarantor of certain debts incurred by Command Energy Company ("Command") and held by Republic Supply Company ("Republic"). See id. at 1047. Command filed for Chapter 11 bankruptcy protection, and the

final confirmed bankruptcy plan provided for the release of Shoaf's guaranty. *See id.* at 1049. Republic then sued to enforce Shoaf's guaranty. *See id.* The district court held that the plan did not release the guaranty because the bankruptcy court was without authority to release a third party's obligation. *See id.* The Fifth Circuit reversed, holding that the bankruptcy order confirming the plan was res judicata to a later suit attempting to enforce the guaranty. *See id.* However, the parties did not dispute whether the parties were identical in both suits—a requirement of federal res judicata. *See id.* at 1051.

■ Based on *Shoaf,* we reject Texas Commerce's argument that a bankruptcy reorganization plan cannot discharge the debts of someone other than the bankrupt party to someone other than the bankrupt party. Texas Commerce did not appeal from the bankruptcy plan, choosing instead to attack it collaterally in this later suit. Even assuming that the bankruptcy court committed an error of law, Texas Commerce's sole remedy was by appeal and not by collateral attack. *See New York Life Ins. Co. v. Brown,* 84 F.3d 137, 143 (5th Cir.1996); *Shoaf,* 815 F.2d at 1051; FED.R.CIV.P. 60(b).

Texas Commerce argues further that, even if such a third-party release is possible, *this* release was not sufficiently clear and unambiguous. In *Shoaf,* the Fifth Circuit noted that the release at issue was clear and unambiguous, but did not state any particular requirement in this respect. *See Shoaf,* 815 F.2d at 1050. Indeed, the Fifth Circuit was far more concerned with the impropriety of a party requesting collateral review of a bankruptcy plan that had not been appealed. *See id.* ("Republic ... is now foreclosed from [direct appeal] because it chose not to pursue it. The issue before us in this appeal is the application, not the interpretation, of the Plan."). The Incorsel reorganization plan is clear. It defines "Debts" as "any obligation of Debtor, alone, and any obligation of Debtor and any other Person, to any Entity." The plan then provides that "[a]ll Debts that arose before the Confirmation Date ... are fully and finally satisfied by this Plan." The plan did not discharge debts in the ordinary

meaning of that word, it discharged them as defined in the plan.

■ Having concluded that *Shoaf* protects from collateral attack a bankruptcy order releasing a guarantor from liability, we now turn to Texas Commerce's primary argument: that Geary, in his capacity as executor of the co-obligor's estate, was not a party to the bankruptcy. The Fifth Circuit first considered the interplay between bankruptcy proceedings and res judicata's requirement of identical parties in *Southmark Properties v. Charles House Corp.,* 742 F.2d 862, 869–70 (5th Cir.1984). In *Southmark Properties,* David Craig was the president of and a stockholder in Charles House, as well as a guarantor on the corporation's debt to Southmark Properties. *See id.* at 866. Charles House filed for Chapter 10 bankruptcy protection, and Southmark Properties bought Charles House's major asset at a bankruptcy trustee's sale. *See id.* at 866–67. Charles House, Craig, and Southmark Properties then filed a series of claims and counterclaims in state and federal court. *See id.* Only one of the claims is relevant here: Craig's claim that Southmark Properties had engaged in fraud and extortion. *See id.* at 867–68.

The Fifth Circuit held that res judicata barred Craig's claim because, although Craig was not a formal party to the Charles House bankruptcy, he was a party in interest because of his relationship to the corporation and his involvement in the bankruptcy. *See id.* at 869–70 (holding that the definition of "parties" is not limited to formal or paper parties, but also includes parties in interest, those "whose interests are properly placed before the court by someone with standing to represent them") (quoting 1B J. MOORE, MOORE'S FEDERAL PRACTICE ¶ 0.411[1] at 390–91 (2d ed.1983)). The Fifth Circuit also held that, even if Craig were not a party in interest, he was also a privy of Charles House. *See id.* at 870. Federal res judicata law also bars subsequent claims by privies of the bankrupt party. *See id.* In short, the Fifth Circuit vacillated between calling Craig a party in interest or a privy, but made perfectly clear that, regardless of the label, Craig's relationship to Charles House's bank-

ruptcy was sufficient to satisfy the federal res judicata requirement of identical parties.

The Fifth Circuit later clarified *Southmark Properties* in holding that "adequate representation" of a non-party's interests was a form of privity for res judicata purposes. *See Latham v. Wells Fargo Bank, N.A.,* 896 F.2d 979, 983 (5th Cir.1990) (holding that privity exists when the bankrupt party adequately represents a co-obligor's interests "such as to place his interests before the court"). Latham controlled a corporation with which he was co-obligor on certain debts. *See id.* at 981. The corporation went through a bankruptcy reorganization in which it agreed to settle its lender-liability claims against its creditors in exchange for a release from its obligation on the debts. *See id.* at 982. Latham later asserted the same lender-liability claims on behalf of himself and derivatively on behalf of the corporation. *See id.* The Fifth Circuit held that res judicata barred the derivative claims, but not Latham's personal claims, because "his interests as a co-borrower and a guarantor were never placed before the bankruptcy court." *Id.* at 980. Significantly, the Fifth Circuit indicated that *Shoaf* would have dictated a different analysis of Latham's personal claims if Latham had "compromised" his personal interests while participating in the corporation's bankruptcy reorganization. *See id.* at 984.

In *Howell Hydrocarbons, Inc. v. Adams,* the Fifth Circuit again considered what type of participation in a bankruptcy proceeding makes one a "party" for res judicata purposes. 897 F.2d 183, 188 (5th Cir.1990). The defendants—officers and directors of a corporation that had been through bankruptcy proceedings—claimed that their participation in the bankruptcy precluded a creditor who had also participated in the bankruptcy from suing them for violations of the Racketeer Influenced and Corrupt Orga-

nizations Act with respect to their management of the corporation. *See id.* The *Howell* opinion did not specifically state whether the bankruptcy plan addressed the defendants' personal interests. That the bankruptcy plan did not do so is made clear, however, by the holding that the officers participated in the bankruptcy only in their representative capacities and therefore could not claim res judicata in a later suit against them in their personal capacities. *See id.* The personal interests of the *Howell* defendants never having been before the bankruptcy court, those defendants could not use the bankruptcy proceeding to preclude a later suit based on those interests.

We are now faced with the situation hypothesized in *Latham:* whether federal res judicata applies to the bankrupt party's co-obligor when the bankruptcy proceeding and reorganization plan directly addresses the co-obligor's personal interests. *See Latham,* 896 F.2d at 984. We think federal res judicata does apply to this case. As executor of the co-obligor's estate, Geary represented the estate's interests. *See* TEX. PROB.CODE § 37. The bankruptcy reorganization plan addressed those interests by purporting to release the estate's shared debt with Incorsel. Unlike Latham, Geary was therefore a party to the bankruptcy and can assert res judicata because the bankruptcy proceeding affected his liabilities as executor. Under *Shoaf,* Geary is entitled to rely on the bankruptcy order releasing the estate's shared debt with Incorsel by asserting res judicata to bar this subsequent proceeding. *See Shoaf,* 815 F.2d at 1051.

In concluding, we note a final matter. In reversing another ground for summary judgment not relevant to the res judicata issue, the court of appeals analyzed whether section 306 of the Texas Probate Code applies to independent estate administrations.[1] This is-

---

1. The conflicting views expressed on this issue in the court of appeals' majority and dissenting opinions, 938 S.W.2d 205, 211–212; *id.* at 215 (Maloney, J., dissenting), reflect the split in the courts of appeals generally. *Compare Gross Nat'l Bank v. Merchant,* 459 S.W.2d 483, 486 (Tex.Civ. App.—San Antonio 1970, no writ); *and Montague v. Brassell,* 443 S.W.2d 703, 705 (Tex.Civ. App.—Beaumont 1969, writ ref'd n.r.e.) (holding

that section 306 applies to independent administrations); *with Texas Commerce Bank—Austin, N.A. v. Estate of Cox,* 783 S.W.2d 16, 19 (Tex. App.—Austin 1989, writ denied); *Joffrion v. Texas Bank,* 780 S.W.2d 451, 453 (Tex.App.—Texarkana 1989), *vacated pursuant to settlement,* 792 S.W.2d 456 (Tex.1990); *and Gibraltar Mortgage & Loan Corp. v. Lerman,* 346 S.W.2d 487, 488 (Tex.Civ.App.—Waco 1961, no writ) (concluding

sue is of limited future interest because recent legislation clearly states that, for deaths occurring on or after January 1, 1996, independent administrations are subject to section 306. *See* Act of May 27, 1995, 74 th Leg., R.S., ch. 1054, § 30, 1995 Tex. Gen. Laws 5207, 5216. In any event, we decline to consider this issue, and each of the other issues raised, because res judicata is an independent ground for disposition of this appeal.

Under Texas Rule of Appellate Procedure 59.1, we grant Geary's application for writ of error and, without hearing oral argument, we reverse the judgment of the court of appeals and render judgment that Texas Commerce take nothing.

that section 306 does not apply to independent    administrations.)